NEW ENGLAND TRUST COMPANY *vs.* HARRIET E. ABBOTT.
ATTORNEY GENERAL *vs.* NEW ENGLAND TRUST COMPANY.

Suffolk.    January 24, 1910. — February 24, 1910.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Tax*, On inheritances.    *Trust.*

The provisions of a trust agreement under which a trustee received certain sums of money from a settlor were that the income was to be paid to a beneficiary as often as dividends became payable thereon, that at the end of five years the

settlor could withdraw the whole trust fund by giving the trustee a six month's notice in writing and that the trustee could pay off the trust fund by giving the settlor such notice, that if no such notice was given the fund should remain with the trustee for another period of five years, that, in the case of the death of the settlor before the termination of a period of five years during which the trust was in force, the principal and unpaid income were to be paid to the beneficiary in sixty days after the expiration of the current period of five years. The settlor died while the trust was in force, and by a bill in equity for instructions, brought by the trustee, and by an information filed by the Attorney General at the relation of the Treasurer and Receiver General, the question was raised whether the principal fund was subject to an inheritance tax under R. L. c. 15, § 1, as amended by Sts. 1905, c. 470; 1906, c. 436. *Held*, that the gift of the principal was "made or intended to take effect in possession or enjoyment after the death of the grantor," and therefore that an inheritance tax should be paid as of a date thirty days after the expiration of the current period of five years referred to in the trust agreement.

BILL IN EQUITY, filed on October 30, 1909, by the trustee under written agreements of trust which are described in the opinion, for instructions as to whether or not an inheritance tax should be paid upon a fund in its possession under the agreements; and

INFORMATION, filed on the same day by the Attorney General at the relation of the treasurer and receiver general, seeking that the trustee be ordered to pay the inheritance tax to the treasurer and receiver general.

The two cases were ordered to be heard together, and were reserved by *Hammond*, J., upon the bills and answers for determination by the full court. The facts are stated in the opinion.

The cases were submitted on briefs.

*D. Malone*, Attorney General, *& F. T. Field*, Assistant Attorney General, for the plaintiff in the second case.

*C. H. Tyler*, *O. D. Young & I. H. Ellis*, for Harriet E. Abbott and the New England Trust Company.

KNOWLTON, C. J.     These two cases present but a single question. On or about December 23, 1893, and on each of three days thereafter, one James C. Marshall, who died in January, 1907, domiciled in Boston, deposited with the New England Trust Company the sum of $1,000, making $4,000 in all, upon conditions set forth in certain agreements of trust. Under these agreements, which were all alike in their substantive provisions, the Trust Company was to pay the income as often as dividends thereon should become payable, to Harriet E. Abbott or her

order. At the expiration of five years from the date of the agreement, Marshall could withdraw the whole trust fund by giving the company written notice of his intention so to do six months before that time, and the company could pay off the trust fund if it chose, by giving him a like notice of its intention so to do. If no such notice was given by either party, the trust fund was to remain during another term of five years, and the right of withdrawing or paying off the principal sum might be exercised at intervals of five years from the date of the agreement. In case of the death of Marshall before the termination of the trust, or of any agreed extension thereof, the trust fund and any unpaid income was to become payable to Harriet E. Abbott in sixty days after the expiration of the period of five years, or any agreed extension thereof. The fund has remained in the possession of the Trust Company, Marshall has deceased, and the question is whether the Trust Company, before paying the principal to Miss Abbott, is to deduct from it any sum for a collateral inheritance tax under the provisions of the R. L. c. 15, § 1, as amended by the Sts. 1905, c. 470 and 1906, c. 436, and if so, what sum.

The only part of the property which was finally disposed of in a known and definitely stated way was the income for the period of five years. The disposition of the principal was left subject to contingencies, any one of three of which might terminate the trust and give direction to the payment of the principal. The creator of the trust, six months before the expiration of the five years, could give notice of his intention to withdraw the principal, or the Trust Company could give notice of its intention to pay it off, in either of which cases the money would be returned to Marshall; or, if Marshall survived and no notice was given, another period of five years would begin under the same arrangement; or if Marshall died before the expiration of the first period and no notice had been given, the trust would be terminated and the principal paid off to Miss Abbott at the end of sixty days from the expiration of the period.

She had a vested interest in the income until the termination of the trust. The arrangement in regard to the principal was very different. Her only interest in that was contingent, and she was not to enter into the possession and enjoyment of it, in

any event, until after the death of Marshall, and then only if the trust had not been terminated by either party by giving notice in his lifetime.

The question under the statute is whether this gift of the property was "made or intended to take effect in possession or enjoyment after the death of the grantor." We think it plain that it was. Miss Abbott could have no possession or enjoyment of the principal until after his death. The fact that she had the possession and enjoyment of the income in his lifetime makes no difference. In that respect the case is the same as if this income had been given to another person, with the disposition of the principal that appears in the agreement. The income and principal stood each by itself, with a separate provision for the disposition of each, and they were as independent of each other as if the income had been given to a third person. The cases are within the principal on which *Crocker* v. *Shaw*, 174 Mass. 266, was decided, and similar decisions under similar statutes have been made in other States. *People* v. *Kelley*, 218 Ill. 509. *Matter of Green*, 153 N. Y. 223. *Matter of Bostwick*, 160 N. Y. 489. *Matter of Brandreth*, 169 N. Y. 437. *Wright's appeal*, 38 Penn. St. 507. *Reish* v. *Commonwealth*, 106 Penn. St. 521. *Seibert's appeal*, 110 Penn. St. 329. *Dubois' appeal*, 121 Penn. St. 368. *Line's estate*, 155 Penn. St. 378.

The property is subject to a collateral inheritance tax, to be assessed as of a time thirty days after the expiration of the period of five years referred to in the agreement, and interest is to be paid upon the tax from that time. In the bill of the New England Trust Company the plaintiff is to be instructed accordingly. In the information by the Attorney General the defendant is to be ordered to make payment of the tax and interest to the treasurer and receiver general.

*So ordered.*