PHILIP DEXTER & others, trustees, vs. TREASURER
and RECEIVER GENERAL.

Essex.   October 20, 1922. — January 9, 1923.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Tax,* On successions. *Trust,* Construction.

One possessed of certain securities in 1913 conveyed them by deed to trustees in
trust for payment of the income to his children and to the issue of his son and
daughter.  By the fifth paragraph of the instrument it was provided that upon
the death of the last survivor of the donor's children, grandchildren or great-
grandchildren who should be living at his death, or upon the attainment of fifty
years by the youngest surviving grandchild of the donor living at his death,
"whichever shall first happen," the capital of the trust fund was to be paid over
in equal shares to and among his issue living at that time *per stirpes* and not
*per capita,* and thereupon the trust should cease and determine.  By the ninth
paragraph the donor reserved to himself the power to make additions to the
trust fund, to change or alter any or all of the trusts, and to declare "new uses
and trusts of the property in any way or manner except such as will vest in
myself the trust property or any beneficial interest therein," and also, to name
and appoint other persons as beneficiaries by way of addition or substitution,
and to appoint other trustees, every such change or appointment to be made
by deed, to take effect immediately upon delivery thereof "to any person who
shall at the time be acting as a trustee."  The donor died in 1920, the trustees
in the meantime held both the legal title to and the possession of all the prop-
erty conveyed by the deed of trust and administered the same as trustees for
the purposes of the trust and in accordance with the terms expressed in the
deed.  The donor had not used the power, given him in the ninth paragraph, to
divest the beneficiaries of their interest.  *Held,* that

(1) The beneficial interest in the property vested at the time of its delivery
under the deed of trust;

(2) The mere reservation by the donor of a right to divest the beneficiaries
of their interest, that right not having been exercised, did not affect the vesting
of their beneficial interests;

(3) No tax upon the beneficial interests should be assessed under St. 1916,
c. 268, § 1, amending St. 1907, c. 563, § 1.

PETITION, filed in the Probate Court for the county of Essex
on December 13, 1921, and afterwards amended, by trustees under
a deed of trust, executed by T. Jefferson Coolidge, late of Man-
chester, on February 12, 1913, and described in the opinion,
seeking under G. L. c. 65, § 27, that a tax of $90,562.91, and

interest, assessed upon the petitioners in 1921 under St. 1907, c. 563, § 1, as amended by St. 1916, c. 268, § 1, be abated.

In the Probate Court, the petition was heard by *Dow,* J. Material facts are described in the opinion. By order of the judge, a decree was entered granting the abatement. The respondent appealed.

*A. Lincoln,* Assistant Attorney General, for the respondent.

*F. B. Greenhalge,* for the petitioners.

CARROLL, J.    T. Jefferson Coolidge, on February 12, 1913, executed a deed of trust to the petitioners, by which instrument he transferred certain securities in trust for payment of income to his children and the issue of his son and daughter. By the fifth paragraph of the instrument it was provided that upon the death of the last survivor of the donor's children, grandchildren or great-grandchildren who should be living at his death, or upon the attainment of fifty years by the youngest surviving grandchild of the donor, living at his death, "whichever shall first happen," the capital of the trust fund was to be paid over in equal shares to and among his issue living at that time *per stirpes* and not *per capita,* and thereupon the trust established should cease and determine. By the ninth paragraph the donor reserved to himself the power to make additions to the trust fund, to change or alter any or all of the trusts, and to declare "new uses and trusts of the property in any way or manner except such as will vest in myself the trust property or any beneficial interest therein;" and also, to name and appoint other persons as beneficiaries by way of addition or substitution, and to appoint other trustees, every such change or appointment to be made by deed, to take effect immediately upon delivery thereof "to any person who shall at the time be acting as a trustee."

Since the date of the trust instrument the petitioners as trustees have held both the legal title to and the possession of all the property conveyed by the deed of trust, and have administered the same as trustees for the purposes of the trust and in accordance with the terms expressed in the deed. The donor died in 1920. In November, 1921, by reason of his death, succession taxes were assessed to the petitioners upon account of certain life interests of his daughters and grandchildren in the property, as set forth in the petition. In the Probate Court the tax was abated and the respondent appealed.

The tax was assessed under St. 1916, c. 268, § 1, which, so far as material, provides: "All property within the jurisdiction of the commonwealth . . . and any interest therein . . . which shall pass by . . . deed, grant or gift . . . made or intended to take effect in possession or enjoyment after the death of the grantor or donor . . . to any person, absolutely or in trust . . . shall be subject to a tax." The amendment by St. 1920, c. 548, taxing the passing of property by deed, grant or gift made in contemplation of death, is not applicable to a transfer made prior to May 27, 1920, and is not material to the issue here involved. The respondent contends that the life interests upon which the tax was assessed were taxable under the statute as interests in property passing by deed, grant, or gift, made or intended to take effect in possession or enjoyment after the death of the grantor or donor.

By the deed of trust the donor divested himself of all his title to the securities conveyed. He reserved the right to appoint other persons than those named as beneficiaries and to declare new uses or trusts, but it was expressly stipulated that no change could be made so as to vest in the donor the trust property, or any beneficial interest therein. By paragraph five the trust was to terminate, not upon the death of the donor, but upon the death of the last surviving of those of his children, grandchildren and great-grandchildren living at the donor's death, or upon the attainment of fifty years by the youngest grandchild living at his death. Unless the enjoyment or possession of the property conveyed was contingent upon the donor's death, its passing was not taxable, and if it vested in the beneficiaries during the lifetime of the grantor, it did not pass by deed intended to take effect in possession or enjoyment after his death.

In *Crocker* v. *Shaw*, 174 Mass. 266, by the terms of a trust, upon the death of one of the donors the principal was to be paid as she should by law appoint. It was held that the passing of the property by deed intended to take effect after the death of the grantor was taxable. In the course of the opinion it was said: "We see no difference in principle between property passing by deed intended to take effect in possession or enjoyment on the death of the grantor and property passing by will. In either case it is the privilege of disposing of property after the death of the grantor or testator and of succeeding to it which is taxed."

In *New England Trust Co.* v. *Abbott,* 205 Mass. 279, money was deposited with the trust company, the income to be paid to Harriet E. Abbott. The trust fund could be withdrawn by the donor upon six months' notice to the trust company, and the company could pay off the trust fund if it chose by giving a like notice. In the event of the death of the donor before the termination of the trust or any agreed extension thereof, the fund and unpaid income were to become payable to Harriet E. Abbott. The donor deceased and the fund remained in the possession of the trust company and it was held that the donee's interest in the principal of the fund was contingent, that she was not to enter into possession or enjoyment of it until the death of the donor. These cases were followed by *State Street Trust Co.* v. *Treasurer & Receiver General,* 209 Mass. 373, where the test applied was this: Did the property vest in possession or enjoyment independently of the death of the transferrer? In all the above mentioned cases the vesting of the principal was deferred until the death of the grantor.

In the case at bar the beneficial interest in the property conveyed by the trust deed of February 12, 1913, vested in the beneficiaries at the time of the delivery of the deed to the trustees. Their interest was created by this deed. They were from that date in possession and enjoyment of the property, and such possession and enjoyment were not in any way contingent on the donor's death. The rights of the life tenants and remaindermen were determined by the instrument of trust and continued to the same extent after the donor's death as before. His intention is shown by this deed; and the beneficial interest in the enjoyment of the proceeds of the trust passed at the time of its execution.

The donor reserved no beneficial interest in the estate. He did, however, reserve the right to divest the donees of their interest; but he did not see fit to use this power. In our opinion, the mere existence of such a right unexercised, does not affect the vesting of the property passing by the trust deed. The possession and enjoyment of the property in the beneficiaries were created by the instrument of trust. The donor parted with the possession and beneficial interest by the execution of this instrument, and the unused power of revocation does not deprive the beneficiaries of their interest, or make it contingent on the donor's death. The

effect of the reserved right to change the beneficiaries was considered in *Tyler* v. *Treasurer & Receiver General,* 226 Mass. 306. In that case it was sought to impose a succession tax upon payments made to the beneficiaries under a policy of insurance. It was said in the opinion, page 309, "A reserved right to change the beneficiary does not affect the essential nature of the rights of the beneficiary so long as they last. Whatever the insured does in way of designation of a beneficiary takes effect forthwith. . . . it is a present gift which, so far as concerns him, takes effect at once both in possession and enjoyment by the beneficiary;" and it was there held that the right to the amount due on the policy was not contingent on the death of the insured, and that by designating a beneficiary, both the gift and the grant took effect in possession and enjoyment at once. See in this connection, *In re Taxation of Masury's Estate,* 51 N. Y. Supp. 331; affirmed, 159 N. Y. 532. *Matter of Bostwick,* 160 N. Y. 489; *Matter of Bowers,* 195 App. Div. (N. Y.) 548; affirmed 231 N. Y. 613. *People* v. *Northern Trust Co.* 289 Ill. 475.

The possession and enjoyment vested in the beneficiaries when the trust deed was delivered to the trustees. The deed passed the property from the donor and gave to the beneficiaries at that time the beneficial interest in it, and their enjoyment and possession of it was not contingent on the death of the donor. The transaction does not come within the meaning of the statute, as property passing by deed made or intended to take effect in possession or enjoyment after the death of the grantor. The decree of the Probate Court is affirmed.

*So ordered.*