WALDO E. PRATT & others, trustees, *vs.* MINNIE P. DEAN
& another.

SAME *vs.* MINNIE P. DEAN & another, trustees.

WALDO. E. PRATT & others, executors, *vs.* WALDO E. PRATT
& others, trustees.

Middlesex.    June 20, 1923. — September 14, 1923.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Tax,* Estate tax, Succession tax, Transfer tax.  *Jurisdiction.  Statute,* Con-
struction.  *Equity Jurisdiction,* Bill for instructions, To determine validity
and amount of succession tax.

This court has no jurisdiction in equity to determine the validity of an estate
tax assessed under a federal statute and not paid, remedies to that end
given under the federal statutes being exclusive.

Where several persons who are executors of a will also are trustees under a
deed previously made by the testator, equity has jurisdiction of a bill in
equity brought by all of them for instructions as to where the burden of a
federal tax, assessed upon both the trust estate and the estate passing by
the will and paid by the executors, should rest.

Where deeds of trust, executed and delivered by a testator before his death,
make no provision for the payment of succession or estate taxes, the entire
burden of a federal estate tax, computed by taking the entire corpus of the
trusts plus the estate passing by the will as a gross estate, must rest upon
the residuary estate in the hands of the executors.

Extraordinary circumstances would be required before this court would under-
take to adjudicate the legality of a succession or transfer tax, which had
been assessed by a sister State and had not been paid.

Where several persons who are executors of a will also are trustees under a
deed previously made by the testator, equity has jurisdiction of a bill in
equity brought by all of them for instructions as to where should be placed
the burden of a succession or transfer tax, assessed by a sister State upon
stock of a corporation incorporated therein and computed by taking as
gross assets of the estate the corpus of two trusts established by the tes-
tator in his lifetime which included none of the stock, plus the entire
property passing by will.

The sister State had jurisdiction to impose the succession or transfer tax
above described because the testator owned shares of stock in a corporation
incorporated under her laws.

The record in the suit above described disclosed no justification for an inquiry
by this court into the correctness of the amount of the tax assessed by the
sister State or the soundness of the method adopted in calculating it.

Owing to the fact that none of the stock of the corporation above described was owned by the trusts and that the trust instruments contained no provisions authorizing in terms the payment of such tax, its burden should remain upon the executors, where it was cast by law in the first instance.

The Probate Court has jurisdiction under G. L. c. 63, § 30, to determine the validity and amount of a Massachusetts succession tax, even though it has not been paid.

The succession tax authorized under G. L. c. 65, § 1, is not a property tax, but is an excise upon the transmission of property; it is imposed not upon the property but upon the right to receive property by reason of the death of the testator or donor.

One, who during his life had established trusts for the benefit of himself for life and, after his death, for the benefit of his wife and daughter for their lives, died leaving a will giving them life estates in property not included in the trusts. *Held*, that under G. L. c. 65, § 1, the aggregate amounts passing under the instruments of trust and under the will should be taken together as a unit in calculating the exemption from the tax and the tax to be assessed by reason of the interests passing to the wife and the daughter at the death of the donor and testator.

The circumstance, that, under G. L. c. 65, the taxes above described might be payable by different persons, or, under § 7, at different times, was *held* not to be material; and it was *held further*, that neither the particular source from which the property thus passing might come, if it was within the sweep of the statute and from the same benefactor, nor the fact that the statute provides no rules for consolidating or apportioning the tax among different trusts and the estate, was of significant consequence.

The dominant purpose manifested by G. L. c. 65 is that the aggregate of property or property interests passing to another from one benefactor on his death, whether by will or other donative instrument, shall be treated as a single subject of the excise tax.

Although, by general principles of construction, a tax law should not be extended by implication and all doubts relating to its construction should be resolved in favor of the taxpayer, a statute designed to secure revenue for the support of the government ought not to be so interpreted as to make it susceptible of being frustrated and rendered ineffectual by the simple device of splitting a large estate into small parts by trusts and deeds and other instruments of gift, each passing property or property interests not in excess of stated exemptions, unless such interpretation is required by plain words.

THREE BILLS IN EQUITY, filed in the Probate Court for the County of Middlesex on September 15, 1922, for instructions as to certain inheritance, succession and estate taxes relating to property passing to the defendants on the death on March 30, 1921, of Charles A. Dean, late of Weston.

The first bill was by the trustees of the " Dean Building Trust," so called, under a declaration of trust made by Dean and dated October 21, 1909, with subsequent amendments and alterations.

The second bill was by the trustees of the " Hollingsworth and Whitney Trust," so called, under a declaration of trust made by Dean and dated March 12, 1913, with subsequent amendments and alterations.

The third bill was by the executors of the will of Dean.

Material provisions of the two trusts and of the will are described in the opinion.

The federal estate tax amounted to $104,071.71, and was computed by adding together the assets of the two trusts and the net testamentary estate of the testator, and treating them in the aggregate as a single estate. Two issues were raised as to this tax: first, whether or not a tax on the assets of the two trusts was constitutional, inasmuch as both trusts were created before the federal estate tax law went into effect; second, assuming that the tax was valid, whether it should be borne proportionately by the two trusts and the testamentary estate or paid wholly by the executors.

The New Jersey inheritance or transfer tax amounted to $887.61. The testator at the time of his death owned shares of stock in two New Jersey corporations. Neither of the trusts had any New Jersey property whatsoever among its assets. In calculating the tax due on the transfer of the stocks, the State of New Jersey included as a part of the estate of the testator all of the assets of the two trusts. If the testamentary estate alone had been taken as a basis for the tax, it would have amounted to only $48.55. Two issues were raised as to this tax: first, whether or not the tax was valid; second, assuming that the tax was valid, whether the trustees of the two trusts should reimburse the executors for the amount by which the tax was increased by the assets of the trusts, or it should be borne wholly by the executors.

The Massachusetts succession tax amounted to $24,406.62, and was assessed on the value of the interests passing to the wife and daughter of Dean under the two trusts and the testamentary estate taken together as constituting a single estate. It was distributed among the three estates as follows: $6,515.11 to the Dean Building Trust, $13,259.76 to the Hollingsworth and Whitney Trust, and $4,631.75 to

the estate of Dean. If the three estates had been assessed separately, the taxes would have been respectively $3,854.98, $10,117.87, and $250.47, or a total of $14,223.32. No contention was made as to the accuracy of the calculation of the tax or of its division among the two groups of trustees and the executors if the general theory adopted in assessing the tax was correct.

Similar questions were raised by the prayers of the bill brought by the executors. Material facts are described in the opinion.

The three suits came on to be heard together by *Leggat*, J., and at the request of the parties he reserved and reported the cases under G. L. 215, § 13, upon the bills and answers for determination by this court.

The cases were submitted on briefs.

*J. R. Benton*, Attorney General, & *C. R. Cabot*, for the Treasurer and Receiver General.

*H. T. Davis* & *W. E. Fuller*, for certain individual beneficiaries.

RUGG, C.J. These are three suits in equity brought in the Probate Court as to inheritance, succession and estate taxes assessed respecting estates and properties because of the death of Charles A. Dean, testate, late of Weston in this Commonwealth. On October 21, 1909, the testator with others executed a declaration of trust concerning certain real estate in Boston of which they held the title. This is known as the Dean building trust. The present trustees are Waldo E. Pratt, Eleanor H. D. Pearse and George F. Larcom. By the terms of this trust as altered and amended the net income was payable to Charles A. Dean, the testator, during his life, and after his death for the benefit of his widow and daughter during their lives and the life of the survivor, and after the death of the survivor the trust is to be terminated by distribution of the body of the trust among charitable institutions. Charles A. Dean had power during his life to revoke, alter or amend this trust, and exercised the power of alteration and amendment. On March 12, 1913, the testator with others executed a declaration of trust concerning certain shares of stock standing in their names.

This is known as the Hollingsworth and Whitney trust. The present trustees are Waldo E. Pratt, Herbert E. Fales, George F. Larcom, and M. Lester Madden. By the terms of this trust as altered and amended the net income was payable to Charles A. Dean, the testator, during his life, and after his death for the benefit of his widow and daughter during their lives and the life of the survivor, and after the death of both, the principal of the trust is to be used to establish and maintain one or more hospitals in the State of Maine. Power was given to the testator to revoke, alter or amend this trust during his life and it was thus altered and amended. Charles A. Dean died on March 30, 1921, leaving a will and codicils, which have been duly proved and allowed, of which Waldo E. Pratt, Herbert E. Fales and Eleanor H. D. Pearse are executors, whereby he gave the income of a large estate to his widow and daughter during their lives and after the death of the survivor the principal over to other persons.

A federal estate tax, payable to the United States under the acts of Congress, has been assessed, calculated by adding together the value of the property held under the Dean building trust, the value of the property held under the Hollingsworth and Whitney trust, and the value of the property held by the executors. It is alleged in the bill that this estate tax has been assessed and not paid, and there is a prayer that the validity of this tax be determined. This court has no jurisdiction in equity to determine the validity of an estate tax assessed by the United States and not paid. *Warr* v. *Collector of Taxes of Taunton,* 234 Mass. 279, and cases collected. It was said in *Snyder* v. *Marks,* 109 U. S. 189, 193, that " The remedy of a suit to recover back the tax after it is paid is provided by statute, and a suit to restrain its collection is forbidden. The remedy so given is exclusive, and no other remedy can be substituted for it." U. S. Rev. Sts. §§ 3220, 3224, 3226, 3227. This principle and these statutory provisions have been declared applicable to the federal income tax. *Dodge* v. *Osborn,* 240 U. S. 118. They doubtless are equally applicable to the federal estate tax. There is nothing at variance in *Regal Drug*

*Corp.* v. *Wardell*, 260 U. S. 386, and cases there cited. We should hesitate under any conditions to pass upon the validity of a federal tax in view of these decisions and statutes of the United States, which provide ample means for testing the legality of such a tax. The case at bar presents no justification for such assumption of jurisdiction on our part. See *Welch* v. *Treasurer & Receiver General*, 223 Mass. 87, 91.

It is stated in the brief for the executors that they have now paid the federal estate tax under protest, to avoid interest and threatened penalties. If proper amendments are made to the bill setting out such facts and asking for apportionment of the tax between the trusts and the estate, then there would be jurisdiction to pass on that subject, for the reason that, Waldo E. Pratt being a trustee under each trust and an executor, and Mrs. Pearse a trustee under one trust and an executor, they cannot bring an action at law against themselves and may resort to equity to ascertain where the burden of the tax already paid by the executors ought ultimately to rest. *Bemis* v. *Converse, ante,* 131. The case is considered on the footing that such amendments are made.

Neither of the declarations of trust makes any provision for the payment of succession or estate taxes. Therefore the entire burden of this tax must rest upon the residuary estate in the hands of the executors. This point is fully covered by the recent decision of *Bemis* v. *Converse, ante,* 131, where the reasons are stated at length. *Plunkett* v. *Old Colony Trust Co.* 223 Mass. 471. *New York Trust Co.* v. *Eisner,* 256 U. S. 345. *Dexter* v. *Jackson,* 245 Mass. 333.

The executors received as a part of the assets of the estate of the testator shares of stock in two corporations organized under the laws of the State of New Jersey. Neither the trustees of the Dean building trust nor of the Hollingsworth and Whitney trust had shares of stock in any New Jersey corporation. The State of New Jersey assessed to the executors inheritance or transfer taxes on account of these shares amounting to $887.61, that amount being determined by including as assets of the estate of the testator all the assets of both the Dean building trust and

the Hollingsworth and Whitney trust, as well as the estate in the hands of the executors. If the assets of these trusts had not been so included, the tax assessed to the executors by the State of New Jersey in respect to such shares of stock would have been only $48.55.

There is no allegation in the bills to the effect that the executors have paid the taxes assessed by the State of New Jersey. Extraordinary circumstances differing widely from those here disclosed would be required before we should undertake to adjudicate the legality of a succession tax assessed by a sister State before it had been paid. *Welch* v. *Treasurer & Receiver General*, 223 Mass. 87, 91.

If it be assumed, however, that the tax has been paid and the bill amended accordingly, then there would be jurisdiction to determine how the tax should be borne by the parties hereto. *Bemis* v. *Converse, ante,* 131.

There are not sufficient facts set forth in the record to warrant a decision as to the legality in whole or in part of the New Jersey tax. Manifestly that State had jurisdiction to impose some succession or transfer tax because the corporations in which the testator owned shares of stock were incorporated under its laws. *Greves* v. *Shaw*, 173 Mass. 205. *Peabody* v. *Treasurer & Receiver General*, 215 Mass. 129, 131. *Bliss* v. *Bliss*, 221 Mass. 201, 211. *Walker* v. *Treasurer & Receiver General*, 221 Mass. 600, 602. *Bellows Falls Power Co.* v. *Commonwealth*, 222 Mass. 51, 55. Since there was jurisdiction in the State of New Jersey to impose some tax on these shares of stock, there is no justification on this record for us to inquire into the correctness of its amount, or the soundness of its methods of calculation.

This New Jersey tax was assessed with reference to property of the estate of the testator. The shares of stock belonged to the executors alone. The reasoning of *Bemis* v. *Converse, ante,* 131, is applicable. No such stock was held as part of the assets of either trust. There is no provision in either trust instrument authorizing in terms the payment of such tax. The burden of such tax must remain where it is cast by the law in the first instance.

The Massachusetts legacy and succession taxes were

assessed on present interests passing by reason of the death of Charles A. Dean under each of the trusts and under the will of the testator and computed on the basis that the property in the hands of the executors and of the trustees constituted a single estate. It is the contention of the parties in interest other than the representatives of the Commonwealth that such taxes ought to be assessed on the two trusts and the estate of the testator each as a separate entity, wholly disconnected with the others.

Even though this tax has not been paid, the court has jurisdiction to consider the validity and amount of the legacy and succession tax in this proceeding by the express terms of the statute as interpreted by authoritative decisions. G. L. c. 65, § 30. *Callahan* v. *Woodbridge,* 171 Mass. 595, 596. *Greves* v. *Shaw,* 173 Mass. 205. *Frothingham* v. *Shaw,* 175 Mass. 59. *Hooper* v. *Bradford,* 178 Mass. 95, 96. *Bradford* v. *Storey,* 189 Mass. 104. *McCurdy* v. *McCurdy,* 197 Mass. 248.

The governing statute is G. L. c. 65, § 1. By its terms " All property within the jurisdiction of the Commonwealth, corporeal or incorporeal, and any interest therein, . . . which shall pass by will . . . or by deed, grant or gift . . . made in contemplation of the death of the grantor or donor or made or intended to take effect in possession or enjoyment after his death . . . shall be subject to a tax at the percentage rates fixed by the following table." In the table progressive percentages are fixed increasing with the amount of the property or interest passing. The amount of the tax thus is materially affected by treating each trust and the estate as a separate entity or by treating them as a single estate. If Charles A. Dean was the donor of the property held by the trustees under each trust (as has been assumed in argument and as we assume), it seems plain that the interests of his widow and daughter and other beneficiaries therein were intended to take effect in possession or enjoyment after his death. All interests in the trust, except only those of Charles A. Dean, could take effect in possession and enjoyment only after the death of Charles A. Dean because he had the income for his life with full power to

revoke, alter and amend the declaration of trust. If neither the wife nor daughter had survived him, they would have taken nothing in possession and enjoyment under the declarations of trust. Their interest in the income took effect in possession and enjoyment after his death and only then. It is immaterial if in other connections or in other significations their interest might be decided to be vested. *Emmons* v. *Shaw,* 171 Mass. 410, 413. *New England Trust Co.* v. *Abbott,* 205 Mass. 279. *State Street Trust Co.* v. *Treasurer & Receiver General,* 209 Mass. 373. The case at bar in this particular is distinguishable from *Dexter* v. *Treasurer & Receiver General,* 243 Mass. 523.

The main point to be decided in this connection, then, is whether, in ascertaining the property or interest passing, the trusts and the estate shall be treated as separate entities or grouped as one. The tax is imposed not upon the property but upon the right to receive property by reason of the death of the testator or donor. It is not a property tax but an excise upon the transmission of property. The interests of the wife and daughter under the two declarations of trust passed to them upon the death of Charles A. Dean. By express words their interests under his will also passed on his death, because the will speaks from his death. *Lyford* v. v. *McFetridge,* 228 Mass. 285, 289. *Green* v. *Kelley,* 228 Mass. 602, 606. Therefore all their property passed at the same time and by reason of the same event, namely, the death of Charles A. Dean. The same is true of other property, if any, with reference to the transmission of which the tax was laid. If delay occurs in the allowance of the will that makes no difference with the governing principle. The meaning of the statute is that the aggregate amounts passing under the instruments of trust and under the will shall be taken together as a unit in calculating the exemption and the tax. The case upon this point is governed by *Marble* v. *Treasurer & Receiver General,* 245 Mass. 504, and cases there collected.

The circumstance that the taxes may be payable by different persons, that is, by the trustees and by the executors, G. L. c. 65, § 6, or at different times, G. L. c. 65, § 7, is not

material in this connection. The decisive factors established by the statute are the event by the happening of which the property passes and the time of the passing of the property. These are the same in the case at bar. The particular source from which the property thus passing may come, if within the sweep of the statute and from the same benefactor, is not of significant consequence. *Matter of Dana Co.* 215 N. Y. 461. The fact that the statute provides no rules for consolidating or apportioning the tax among different trusts and the estate is a matter of indifference in this connection. That will have to be determined from time to time as cases arise. The dominant purpose manifested by the statute is that the aggregate of property or property interests passing to another from one benefactor on his death, whether by will or other donative instrument, shall be treated as a single subject of the excise tax. If this were not so, the purpose of a graduated tax, increasing with the value of the property or interest passing, and with exemptions, could be entirely frustrated by the simple device of splitting a large estate into small parts by trusts and deeds and other instruments of gift, each passing property or property interests not in excess of the exemption. Statutes designed to secure revenue for the support of government ought not to be so interpreted as to be susceptible of being rendered thus ineffectual unless required by plain words.

This conclusion is reached by interpretation of the tax statute and with full realization of the general principle that tax laws are to be strictly construed, that the right to tax is not to be extended by implication, and that doubts are to be resolved in favor of the taxpayer. *Eaton, Crane & Pike Co.* v. *Commonwealth*, 237 Mass. 523, 530, and cases there collected.

If the property interest vested in enjoyment or possession independently of the death of the donor or testator, or came from other sources, then this principle is not applicable. Hence the case at bar is distinguishable from *Dexter* v. *Treasurer & Receiver General*, 243 Mass. 523; *Tyler* v. *Treasurer & Receiver General*, 226 Mass. 306; *Matter of Hodges*, 215 N. Y. 446, and *Attorney General* v. *Barney*, 211 Mass. 134.

No contention is made as to the accuracy of the calculation of the tax or its division between the two groups of trustees and the executors, provided the theory of treating the property passing under the two declarations of trust and under the will as a single unit of taxation followed by the commissioner is not erroneous. We are of opinion that that theory was in accordance with the statute.

*Decrees accordingly.*