EDITH C. C. AMES & others, administrators, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.   October 8, 1929. — November 29, 1929.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Tax,* On legacy and succession.   *Commissioner of Corporations and Taxation.*

The provision of § 27 of G. L. c. 65, that "The commissioner shall determine the amount of [legacy and succession] tax due and payable upon any estate or part thereof," authorizes a partial certification of the tax due upon the whole estate.

The administrator of the estate of one who had had a life interest under certain trusts, interests under which, with the consent of all beneficiaries and next of kin, were treated as a single entity for purposes of legacy and succession taxes, on July 1, 1924, sent to the commissioner of corporations and taxation a letter enclosing a certain sum "as a payment on account of" such tax "and interest in connection with" such estate and trusts. The collector, acting for the commissioner, on the same day returned a paper reading as follows: "In accordance with the provisions of Chapter 65 of the General Laws and amendments thereof, I hereby certify that the following amount ~~will become~~ — became — payable by you June 19, 1922, ~~in full~~ — on account of the tax on ~~legacies, devises or~~ distributive shares in the estate" in question, followed by a statement of a certain amount as "tax" and a certain amount as "interest," the two sums amounting to the sum thus paid by the administrator. *Held,* that such paper returned in behalf of the commissioner to the administrator was in form a "certificate," as that word is used in G. L. c. 65, and not a mere estimate.

After the certification on July 1, 1924, above described, appraisers were appointed in the proper Probate Court under G. L. c. 65, § 25, to appraise the trust property. By a report filed December 7, 1927, and accepted by the Probate Court on April 20, 1928, the appraisers found the amount of the estate to be much less than previously certified by the commissioner, and thereafter the administrators of the estate requested the commissioner to determine under the provisions of G. L. c. 65, § 27, as amended by St. 1922, c. 520, § 18, the amount of taxes upon the several interests. The commissioner refused further certification. The administrators thereupon sought by a petition for a writ of mandamus to compel him to do so. The petition was dismissed. *Held,* that

(1) Certifications by the commissioner on and before July 1, 1924, were valid and lawful certifications within the requirements of G. L. c. 65, as amended; they remained in full force despite the appraisal

requested under G. L. c. 65, § 25, as amended by St. 1924, c. 300, § 3;

(2) The request by the administrator of the commissioner in 1928 was too late: the commissioner then had no power to alter the certificates either by recertification or by granting any abatement of taxes actually paid; and he was not required by G. L. c. 65, § 27, as amended, or by any statutory provision, to make further determination or certification;

(3) The petition properly was dismissed.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on January 24 1929, and described in the opinion.

The petition was heard by *Field*, J., upon an agreed statement of facts. He ordered it dismissed and reported the case for determination by the full court.

*H. S. Davis*, for the petitioners.

*R. A. Cutter*, Assistant Attorney General, for the respondent.

PIERCE, J. This is a petition for a writ of mandamus to require the commissioner of corporations and taxation to determine and certify, pursuant to G. L. c. 65, § 27, the amount of the legacy and succession taxes due to the Commonwealth of Massachusetts with respect to the estate of F. Lothrop Ames, who died intestate on June 19, 1921, leaving real and personal property of great value. The respondent answered that he had on July 1, 1924, duly certified the said taxes to the petitioners and that they had fully paid them. The case was heard upon the pleadings and an agreed statement of facts by a justice of this court, who ruled that, as matter of law, the petition could not be maintained, and reported the case for the determination of the full court.

The agreed facts, so far as pertinent to the issue involved, in substance are as follows: F. Lothrop Ames died intestate on June 19, 1921, and the petitioners were duly appointed administrators of his estate on July 1, 1921. As a life tenant under three trusts he possessed a power of appointment by will over the trust property. The administrators, on January 13, 1922, filed with the respondent an inventory setting out in detail all property owned by the intestate at the time

of his death, not including, however, the trust property above mentioned. This inventory was in the form prescribed by the commissioner and contained the usual recital that it was a full and complete inventory of all the property of the decedent which had come into the possession or knowledge of the administrators. In March, 1923, the commissioner determined the value of the several interests (not including the above mentioned trust property) passing by intestate succession at the death of F. Lothrop Ames to be $1,117,899.34, and that a tax was payable with respect to this succession in the sum of $44,644.97. Prior to these determinations the administrators had made payments on June 16, July 1 and July 8, 1922, aggregating $31,000, and on March 17, 1923, paid $13,644.97 together with $568.54 on account of interest.

The existence of the trust funds above mentioned came first to the attention of the commissioner by reason of the filing of the affidavit of the debts and expenses incurred on behalf of the estate on January 17, 1923. After consultation with the commissioner on February 28, 1924, the trustees of the several trust funds filed inventories of the respective funds. The inventories so filed by the trustees under the will of Frederick L. Ames and under the will and codicil of Sarah L. Ames totalled $3,796,778.24. They also showed that the funds of these estates consisted largely of shares in the Ames Real Estate Trust which were valued at $100 each. Prior to the filing of the inventories by the trustees, the principal of the trust established by the deed of Sarah L. Ames was transferred to the petitioners as guardians of minor children of F. Lothrop Ames, and the principal of the other two trust funds was transferred to the petitioners Edith C. C. Ames and Old Colony Trust Company pursuant to a compromise agreement approved by the Supreme Judicial Court for the County of Bristol on October 17, 1922. Inasmuch as all the persons beneficially interested in the trust funds were also next of kin, and the present petitioners were acting either as trustees or guardians for those beneficially interested, and inasmuch as the various interests were required to be aggregated for

the purpose of assessing the succession excise, G. L. c. 65, § 1, as amended by St. 1924, c. 128, *Pratt* v. *Dean,* 246 Mass. 300, the commissioner has treated the several interests passing to any particular beneficiary as a single entity for tax purposes, the aggregate tax being charged to the administrators, and all parties have consented to this manner of dealing with the tax.

Adopting the valuation shown in the several inventories, the total tax upon the interests passing as intestate property and upon those passing in default of appointment upon the death of the decedent would have exceeded by more than $231,000 the amount of $44,644.97 paid by the administrators as above stated. On July 1, 1924, the Old Colony Trust Company by E. Lester Swett, assistant trust officer, sent by messenger to the director of the inheritance tax division of the department of corporations and taxation a letter enclosing a check for $231,000 payable to the Commonwealth of Massachusetts. This letter reads as follows: "Enclosed is a check to the order of the Commonwealth of Massachusetts for $231,000 as a payment on account of Massachusetts Legacy and Succession Tax and interest in connection with trusts under the wills of Frederick L. Ames and Sarah L. Ames, and under an indenture of trust dated June 1, 1883, from Sarah L. Ames (so-called 'Helen Ames Trust'). Will you kindly have a receipt for the amount of this payment sent to our Trust Department."

On receiving this letter the director, as representative or agent for the commissioner, prepared and delivered to the messenger a document which reads (except the cashier's coupon): "In accordance with the provisions of Chapter 65 of the General Laws and amendments thereof, I hereby certify that the following amount will become became payable by you June 19, 1922, in full on account of the tax on legacies, devises or distributive shares in the estate of Frederick Lothrop Ames late of Easton." "Total tax a/c $231,000.00."

The messenger then took this paper with the check to the office of the commissioner, presented the paper and check

to the collector, whose duties on behalf of the commissioner involve (1) receiving tax payments; (2) making proper bookkeeping entries of payments; and (3) giving a proper receipt for all payments.   After a telephone conversation with Mr. Swett, the collector, for the purposes of bookkeeping, apportioned the $231,000 as between principal of tax due and interest, treating as the amount paid "on account" of the tax itself the sum which would, with interest from June 19, 1922, (a year from the date of death of the intestate) to July 1, 1924, (the date of the payment) produce a total of $231,000.   G. L. c. 65, § 7, as amended by St. 1922, c. 520, § 15.   G. L. c. 65, § 11, as amended by St. 1923, c. 176.   The collector then received the check, giving the messenger as a receipt a paper similar to that prepared by the director of the inheritance tax division *supra*, except that with respect to the amount of the tax it read: "Tax $209,-000.00" "Interest $22,000.00", a line being drawn through the printed word "Total."   The commissioner, after the above payment of $231,000 had been made, determined the aggregate value of the property comprised in the three trusts to be $4,392,835.28.   The difference between this finding of value and the total shown in the inventory was for the most part due to the fact that the commissioner valued the shares in the Ames Real Estate Trust at $126 per share.

Thereupon appraisers were appointed by the Probate Court for Bristol County under G. L. c. 65, § 25, to appraise the trust property.   By a report filed December 7, 1927, and accepted by the Probate Court on April 20, 1928, the appraisers found the value of the Ames Real Estate Trust shares to be $60 per share.   There was no dispute as to the valuation of other items.   Taking $60 per share as the value of the Ames Real Estate Trust shares, the total value of all interests passing at the death of F. Lothrop Ames, less deductions for debts and expenses, was $4,243,686.17.   The total tax upon these interests computed in accordance with G. L. c. 65, § 1, as amended would be $214,286.54.   After the acceptance of the appraisers' report on April 20, 1928, by the Probate Court, the administrators requested the commissioner to determine under the provisions of G. L. c. 65, § 27,

as amended by St. 1922, c. 520, § 18, the amount of taxes upon these several interests. The commissioner on October 6, 1928, notified the administrators that he refused to furnish any other or further certification, being of the opinion that his prior certificate constituted final certification and that he had no power to act further in the matter.

On the foregoing statement of facts, and in the light of departmental practice since the establishment of a direct inheritance tax in 1907, which is set out in the agreed statement of facts, the commissioner contends that the paper dated July 1, 1924, and delivered to the petitioner on that day was a due and proper certification of a tax on account, and a determination that at least the sum of $231,000 was due the Commonwealth as a legacy tax within the provisions of G. L. c. 65, § 27, as amended by St. 1922, c. 520, § 18. He further contends that where a tax on account has been certified in the manner followed in the case at bar, the tax so determined and certified cannot be abated or reduced after one year from the date of payment has expired, G. L. c. 65, § 27; or, under G. L. c. 58, § 27, as amended by St. 1926, c. 287, § 1, after two years from "the date of the bill for said tax or excise, or for an amount exceeding the sum which in equity and good conscience ought to be abated under all the circumstances of the case," even if an appeal from a subsequent valuation, by the commissioner, of the property passing by way of transfer at the death be taken and sustained under the provisions of G. L. c. 65, § 25, as amended by St. 1924, c. 300, § 3. The commissioner further contends that, despite such an appeal under § 25, the certification of a tax on account under § 27, as amended, remains in full force and effect unless altered by a petition to the Probate Court for abatement under the provisions of G. L. c. 65, § 27, as amended by St. 1922, c. 520, § 18; or unless within two years from the certification a petition for abatement is filed with the commissioner under the provisions of G. L. c. 58, § 27, as amended by St. 1926, c. 287, § 1.

The petitioners on the other hand contend that the paper dated July 1, 1924, must be deemed a mere estimate or memorandum because the commissioner had no power before

the valuation had been ascertained (by the Probate Court) to determine or certify the tax; and, if their position be sound, that no petition for abatement under G. L. c. 65, § 27, could have been filed since it is only a person aggrieved by the determination of a tax who may file such a petition and that no petition for an abatement under the provisions of G. L. c. 58, § 27, as amended by St. 1922, c. 382, and St. 1926, c. 287, § 1, could have been successfully filed because G. L. c. 58, § 27, as amended, applies only to cases in which the tax has been ascertained and a bill rendered.

It is to be noted here that there is no statement in the agreed facts or any intimation in the brief of the petitioners that any petition for abatement was taken by the petitioners in the Probate Court under G. L. c. 65, § 27, as amended, or to the commissioner under G. L. c. 58, § 27, as amended, within the limitation of time prescribed for such petitions in said sections. The provisions of G. L. c. 65, § 25, as amended, obviously contemplate as a first step to the petition for appraisement a determination of the value of the property by the commissioner unless reduced by proceedings therein provided. Section 26 permits the commissioner to alter his determination of the value of any estate at the request or with the consent of the parties by whom the tax is payable. Having determined the value of the property, § 27, as amended, requires the commissioner to determine the amount of the tax due and payable, and a certification of the amount so due and payable to the person by whom the tax is payable. G. L. c. 65 contains no express provision whereby the commissioner is authorized to accept in behalf of the Commonwealth against a tax, presently due but not fully ascertained in amount, a deposit to be retained if the tax is as large as the deposit or to be returned if the deposit exceeds the tax as finally determined. In view of the provision of G. L. c. 65, § 15, as to deposits to cover taxes not presently due and of the absence of any provision in G. L. c. 65 as to deposits against taxes presently due, and of the manifest injustice of subjecting a taxpayer ready to pay his tax in full to liability to pay interest thereon until the amount is finally deter-

mined, we think the provision of G. L. c. 65, § 27, that "The commissioner shall determine the amount of tax due and payable upon any estate or part thereof," authorizes a partial certification of the tax due upon the whole estate.

We further are of opinion that the paper dated July 1, 1924, *supra,* is in form a "certificate" as that word is used in G. L. c. 65, and not a mere estimate as the petitioners contend. We are of the further opinion that the certifications on and prior to July 1, 1924, were valid and lawful certifications within the requirements of G. L. c. 65, as amended; that they remained in full force despite the appraisal requested under G. L. c. 65, § 25, as amended by St. 1924, c. 300, § 3; that since July 1, 1926, the commissioner has had no power to alter the certificates, see *Cabot v. Commissioner of Corporations & Taxation,* 267 Mass. 338, either by recertification or by granting any abatement of taxes actually paid; and that he is not required by G. L. c. 65, § 27, as amended, or by any other statutory provision, to make further determination or certification. It results that the order of the single justice was right, and that the entry must be petition dismissed.

*So ordered.*