GILBERT L. STEWARD & others, trustees, *vs.*
COMMISSIONER OF CORPORATIONS AND TAXATION.

Essex.     May 7, 1964. — July 17, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Taxation,* Succession tax. *Trust,* Income beneficiary.

Under an unalterable, irrevocable declaration of trust providing that during the settlor's life $20,000 per year of the income should be paid, and in the discretion of the trustees any or all of the income above that amount might be paid, to the settlor's children and issue of deceased children, that after the settlor's death the entire income should be paid to his children and issue of deceased children, that income not paid to the beneficiaries should be added to principal, that beneficiaries entitled to more than one half of the distributable income might remove and replace trustees subject to the requirement that after the settlor ceased

to be a trustee one of the trustees should be a corporation, that the trust should terminate twenty-one years after the death of the last survivor of the settlor's children and other designated persons, and that upon its termination the principal should be paid to the settlor's grandchildren and issue of deceased grandchildren, it was held that the interests in the $20,000 per year of income (both before and after the settlor's death) and in income above that amount paid to the beneficiaries in the discretion of the trustees during the settlor's life, and the remainder interests in the principal were not taxable under G. L. c. 65, § 1; and, for differing reasons expressed in an opinion by SPIEGEL, J., joined in by KIRK & REARDON, JJ., and a concurring opinion by CUTTER, J., joined in by WILKINS, C.J., and SPALDING & WHITTEMORE, JJ., that the interests in the income above $20,000 per year after the settlor's death were taxable under § 1.

PETITION filed in the Probate Court for the county of Essex on January 16, 1962.

The case was reported by *Costello, J.*

*Roy M. Robinson (Roger M. Thomas* with him) for the petitioners.

*Herbert E. Tucker, Jr.,* Assistant Attorney General, for the respondent.

SPIEGEL, J. This is a petition under G. L. c. 65, § 30, by the trustees of an inter vivos trust established by the late Charles F. Ayer (the settlor). There is a statement of agreed facts. A judge of the Probate Court reserved and reported the case.

In 1928 the settlor by a declaration of trust named himself and one William E. Faulkner as trustees of certain property which was to be held for the benefit of the settlor's two children and their issue. The settlor did not reserve to himself any power to alter, amend, or revoke the trust, and he had no interest therein. The declaration of trust (the indenture) provided (a) that during the settlor's life the trustees were to pay $10,000 a year from income to each of his children, and to the issue of any deceased child by right of representation, provided that the issue of a deceased child could receive no payment until he reached the age of twenty-five; (b) that after the settlor's death the entire net income was to be paid to the settlor's children and to the issue of any deceased child by right of representation; (c) that dur-

ing the settlor's lifetime the trustees in their discretion could pay any or all of the income above $20,000 a year to the settlor's children and to the issue of any deceased child by right of representation, provided that each child was paid an equal share; (d) that income not paid to the beneficiaries should be added to principal; (e) that the beneficiaries entitled to more than one half of the distributable income could remove any trustees and appoint others in their stead provided that after the settlor ceased to be a trustee, one of the trustees would have to be a corporation;[1] (f) that the trust was to terminate twenty-one years after the death of the last survivor of five designated persons including the settlor's children; and (g) that upon termination of the trust the principal was to be paid to the settlor's grandchildren and to the issue of deceased grandchildren.

One of the settlor's children is still living; the other died in 1947 and is survived by three sons. The settlor resigned as a trustee in 1946 and died in 1956. Since 1946, the trustees have been appointed solely by the beneficiaries. The trust estate at the settlor's death was valued at over $4,000,000, and the income was greatly in excess of $20,000 a year. During the settlor's lifetime, the trustees exercised their discretionary power to pay the beneficiaries more than the mandatory $20,000 a year. There has been no assessment of any legacy and succession tax on any of the trust property, and no such tax has been paid by the petitioners.

The sole issue in this case is whether any interest in the trust property or its income is subject to legacy and succession taxes under G. L. c. 65, § 1. Under this section, "[a]ll property within the jurisdiction of the commonwealth, corporeal or incorporeal, and any interest therein, . . . which shall pass by . . . deed, grant or gift, . . . made in contemplation of the death of the grantor or donor or made or intended to take effect in possession or enjoyment after his death . . . shall be subject to . . . [the] tax." It is the respondent's contention that "the trust

[1] It was "the wish of the [s]ettlor that one of the beneficiaries or the husband of a beneficiary should [also] be one of the trustees."

property is subject to the legacy and succession tax as a gift made or intended to take effect in possession or enjoyment after the death of the settlor."

"It is the absence of the power of control with the unrestricted right of the recipient to dispose of the property and to receive and use the proceeds, which by the express language of the statute subjects it to the tax." *State St. Trust Co.* v. *Treasurer & Recr. Gen.* 209 Mass. 373, 378. In *Gregg* v. *Commissioner of Corps. & Taxn.* 315 Mass. 704, 706, the rule was thus restated: "The fact that the recipient had acquired an interest in the property . . . does not bring the transfer beyond the reach of the statute if the possession and enjoyment of the property is dependent upon and brought about by the death of the owner. The *full fruition* of a transfer or gift by the passing of its use and enjoyment to the grantee or donee upon the death of the grantor or donor is the event that makes the transaction subject to the tax" (emphasis supplied).

In the instant case, it is clear that as to the $20,000 a year of the trust income (both before and after the settlor's death) and the income in excess of $20,000 a year paid to the beneficiaries before his death, the beneficiaries' receipt of possession and enjoyment is in no way dependent upon his death. It is also clear that, as this court has interpreted the statute, the receipt of the trust principal by the settlor's grandchildren is not dependent upon the settlor's death, even though it may have been most unlikely that the principal would be distributed during the settlor's lifetime. *Dexter* v. *Treasurer & Recr. Gen.* 243 Mass. 523, 525. See *Shukert* v. *Allen,* 273 U. S. 545, 547.

We are of opinion, however, that the interests in the trust income in excess of $20,000 a year after the settlor's death are taxable under G. L. c. 65, § 1, as a transfer whose "full fruition" was dependent upon the settlor's death. The petitioners advance several arguments in support of a contrary proposition. The reasoning of these arguments appears to be that, even during the settlor's lifetime, the trustees in their discretion could pay all, or as much as they

deemed necessary, of the income above $20,000 to the appropriate beneficiaries; that these beneficiaries, by a decision of those entitled to more than one half the income, could remove any trustee unwilling to pay them the amount of income that they might request and could appoint another trustee who would be coöperative;[2] and that, therefore, the beneficiaries could exercise effective power and control over all of the income from the trust during the lifetime of the settlor.

We are not persuaded by this argument even if we assume, arguendo, that the beneficiaries entitled to the majority of the income had effective control over the trust income as a result of the power to remove and appoint trustees. It would still be conceivable that one (or more) of the income beneficiaries, dissatisfied with the income he was receiving from the trust and desiring income in excess of that amount, would not be able to obtain such excess income during the settlor's lifetime because the *beneficiaries entitled to a majority of the income* would not consent to the removal of any unwilling trustee.[3]   In such circumstances, only the settlor's death would bring to fruition the dissatisfied beneficiary's right to his share of the total trust income in excess of $20,000.   Thus, if we accepted the thesis that the consent of the beneficiaries entitled to a majority of the trust income could result in the fruition of the gift independently of the settlor's death, it would be doubtful that the income in excess of $20,000 would not be subject to the tax where such income would become definitely payable only upon the settlor's death.[4]

---

[2] In fact, the beneficiaries could even appoint one or more of themselves as trustees.

[3] We note that under the declaration of trust, it is unlikely that any one person would ever be entitled to more than one half the income.

[4] The petitioners cite several authorities to support the proposition that under the Revenue Act of 1916, § 202 (b), and under the Int. Rev. Code of 1939, § 811 (c), Federal statutes which contain language similar to that of G. L. c. 65, § 1, the tax would not be assessed except where the beneficiary could obtain the gift only upon the settlor's death. This proposition, however, is in conflict with the rule laid down in *State St. Trust Co.* v. *Treasurer & Recr. Gen.* 209 Mass. 373, and *Gregg* v. *Commissioner of Corps. & Taxn.* 315 Mass. 704.

However, we need not rest our decision on so narrow a base. Even if the appropriate number of beneficiaries, desiring greater payments of trust income than the trustees were willing to make prior to the settlor's death, were to remove the trustees, under the terms of the indenture one of the trustees appointed by the beneficiaries after the settlor ceased to be a trustee would have to be a corporation. It would generally be necessary that the trustees "all concur in the exercise of powers conferred upon them," since the indenture does not contain a provision allowing the trustees to act by less than unanimous agreement. Scott, Trusts (2d ed.) § 194. *Boston* v. *Robbins*, 126 Mass. 384, 388. It is difficult to avoid the conclusion that there are only a limited number of corporations likely to be appointed as trustees of property worth over $4,000,000 and that such corporations are not easily amenable to the control of individual beneficiaries. See *Dewey* v. *State Tax Commn.* 346 Mass. 43, 47.

Moreover, even though the power of trustees acting at their discretion may be broad, it is not unlimited. We are not prepared to say on the facts before us that if during the settlor's lifetime the trustees, at the urging of one or more of the beneficiaries, had consistently paid out the full amount of the trust income, a suit to compel repayment of all or part of the amounts so paid out would have been successful. We do observe, however, that such payments would have been subject to the scrutiny of a court of equity and, if not justified by over-all circumstances, might have been regarded as beyond the bounds of reasonable judgment. See Scott, Trusts (2d ed.) § 187.2. See also *Edelstein* v. *Old Colony Trust Co.* 336 Mass. 659, 663; *Copp* v. *Worcester County Natl. Bank*, 347 Mass. 548, 551.

A decree is to be entered stating that the interests in the income of the trust in excess of $20,000 a year after the settlor's death are taxable under G. L. c. 65, § 1, but that neither the interests in any other income nor the remainder interests in the principal are taxable thereunder.

*So ordered.*

CUTTER, J. (concurring)  I agree that no excise can be imposed under G. L. c. 65 with respect to the succession by any trust beneficiary to any part of the trust principal.  I agree, upon limited grounds, that an excise under c. 65 may be imposed with respect to the succession by the trust beneficiaries to their several interests in the aggregate trust income in excess of $20,000 annually,[1] to be received between the settlor's death in 1956 and the termination of the trust.

The opinion relies largely upon a portion of somewhat obscure language in *State St. Trust Co.* v. *Treasurer & Recr. Gen.* 209 Mass. 373, 378.  The only basis upon which a succession tax may be imposed with respect to the beneficiaries' interests in the additional income *required* to be paid to them after the settlor's death is that any absolute *right* (as opposed to a possibility) of these beneficiaries to succeed to those additional income interests is expressly made by the trust instrument dependent upon the settlor's death.  In the *State St. Trust Co.* case, an excise was properly imposed because (p. 378) "the passing of the" bonds there involved (as distinguished from the income from them) was not "independently of the death of the transferror."  This basis of the decision was recognized in *Dexter* v. *Treasurer & Recr. Gen.* 243 Mass. 523, 526.[2]  In the present case the payment of the additional income in excess of $20,000 similarly was not "independently of the [settlor's] death."

The present excise, with respect to the succession of these trust beneficiaries to their additional income interests, is warranted by the fact that the settlor, in his 1928 trust instrument, expressly made succession to those interests *as of right* directly dependent upon his own death.  In providing in his trust for augmented income interests at his

---

[1] The sum of $20,000 annually was the maximum amount required to be paid prior to the settlor's death to the trust's income beneficiaries.

[2] In the *Dexter* case, an excise was not imposed upon the trust property there transferred although a completed transfer was subject (pp. 525, 526–527) to an unused power in the settlor to revise the trust and to change the beneficiaries, which could not benefit the donor in any event (cf. *Porter* v. *Commissioner of Int. Rev.* 288 U. S. 436, 443), whereas in *Gregg* v. *Commissioner of*

death, the settlor sufficiently caused a succession to take place then, dependent upon his death, to bring that succession within the scope of the excise.

The trustees contend that no gift of an interest can be said to be intended to take effect in possession or enjoyment at a settlor's death unless the beneficiaries can succeed to that interest *only* by reason of his death. They rely upon *New England Trust Co.* v. *Abbott,* 205 Mass. 279, 281-282; *Pratt* v. *Dean,* 246 Mass. 300, 307-308 ("All interests . . . could take effect in possession and enjoyment only after the [settlor's] death"); *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corps. & Taxn.* 267 Mass. 240, 245; and *Worcester County Natl. Bank* v. *Commissioner of Corps. & Taxn.* 275 Mass. 216, 220. See *Coolidge* v. *Commissioner of Corps. & Taxn.* 268 Mass. 443, 450 (reversed on grounds not here relevant, sub nom. *Coolidge* v. *Long,* 282 U. S. 582). These decisions imposed an excise with respect to an interest which could *only* accrue in possession and enjoyment by reason of the settlor's death. They do not state, however, that no excise may be imposed where, under the express terms of the applicable instrument, a particular interest may be enjoyed as of right by reason of the settlor's death, whereas prior thereto that interest, under the instrument, could be received only by the exercise of fiduciary powers involving some measure of discretion or by action the effect of which involved significant uncertainties.

The trustees also rely upon two cases discussing the Federal estate tax. See *Commissioner of Int. Rev.* v. *Marshall's Estate,* 203 F. 2d 534, 537-539 (3d Cir.); *Smith* v. *United States,* 158 F. Supp. 344, 349-350 (D. Colo.). These were decided under statutory provisions and regulations differing from G. L. c. 65, § 1 (as amended through St. 1955, c. 596) in effect at the settlor's death. Under an

---

*Corps. & Taxn.* 315 Mass. 704, 706-707, a more general power of revocation was held to make taxable the receipt of the property in possession and enjoyment at the donor's death. No power of revocation or revision of any type existed in the present case. Cf. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corps. & Taxn.* 294 Mass. 551, 556.

estate tax the imposition of an excise often depends upon whether the settlor has made a completed *transmission* of his property without reserving to himself any interest, whereas c. 65, § 1, imposes an excise upon the *succession* to property interests by reason of, and dependent upon, the death of the decedent or settlor.

The Chief Justice, Mr. Justice Spalding, and Mr. Justice Whittemore join in this opinion.