## COMMISSIONER OF INTERNAL REVENUE v. LE GIERSE et al.
### No. 232.

Circuit Court of Appeals, Second Circuit.
March 25, 1940.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Maurice J. Mahoney, Sp. Assts. to Atty. Gen., for petitioner.

Frederick O. McKenzie, of New York City, for respondents.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

SWAN, Circuit Judge.

At the date of her death on January 1, 1936, Mrs. Le Gierse had a policy of insurance upon her life for $25,000 payable to her daughter. Because of the circumstances under which the policy was taken out, the commissioner ruled that the sum receivable by the beneficiary named in the policy was not "insurance" within the meaning of section 302(g) of the Revenue Act of 1926, as amended, [1] but represented a transfer to take effect in possession or enjoyment at or after death, and as such must be included in the decedent's gross

---

[1] Section 302(g), as amended by section 404 of the Revenue Act of 1934, 48 Stat. 754, 26 U.S.C.A.Int.Rev.Code, § 811(g), reads as follows:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property * * *

"(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life."

estate under section 302(c), as amended. Accordingly he assessed a deficiency. This the Board set aside, following its prior decision in Estate of Anna M. Keller v. Comm. of Int. Rev., 39 B.T.A. 1047. For a discussion of the Keller decision see 49 Yale L.J. 946. The correctness of the Board's action is the question presented to the court.

The facts as found by the Board are briefly as follows: On December 6, 1935 Mrs. Le Gierse, who was then 80 years old but in good health and not in contemplation of death, took out a single premium life insurance policy for $25,000 upon her own life, naming her daughter as the beneficiary. The policy was in the standard form. The single premium paid for the policy was $22,946. On the same date Mrs. Le Gierse purchased from the same insurance company a single premium life annuity in the standard form for annuity contracts. It cost her $4,179 and entitled her to receive $49.15 monthly during her life. In form the two policies were separable and independent, but the insurance company would not have issued the life policy, in view of the insured's advanced age, without the purchase by her of the annuity; although it would have sold her the annuity without requiring her to purchase the life policy. In computing the single premium charged for each policy no adjustment was made on account of the premium to be received on the other. At the time the policies were issued Mrs. Le Gierse had an expectancy of about four or five years under the American experience tables. However, she was stricken with cerebral apoplexy on December 24, 1935, and this resulted in her death on January 1, 1936.

█ The commissioner argues that the decedent's dealings with the insurance company must be viewed as a single transaction, and so viewed the transaction was in substance a payment by Mrs. Le Gierse of $27,125 as consideration for the insurance company's promise to pay her $49.15 monthly during her life and on her death to pay $25,000 to her daughter. Therefore, it is said, the company received more than it would ever have to pay out, the element of risk essential to an insurance policy was

eliminated, and the life policy was not "genuine" insurance such as section 302(g) exempts from inclusion in the gross estate. We agree that the entire transaction is to be considered. Although generally arrangements entered into at the same time are to be taken as one agreement, that is not the case where the parties intend that they be deemed independent contracts. Williston, Contracts, 2d Ed., § 628. Here the undertakings of the insurance company were obviously intended to be separable and independent. A separate application was made for each policy, a separate consideration paid for each, neither policy made reference to the other, and either could have been assigned, and the life policy could have been surrendered, without affecting the insurance company's obligations under the other. In these respects the situation is unlike that presented in Old Colony Trust Co. v. Commissioner, 1 Cir., 102 F.2d 380, upon which the petitioner strongly relies. In substance as well as in form the policies issued to Mrs. Le Gierse were independent contracts. In the life policy she took out insurance upon her life which is squarely within the exemption granted by the statute. The fact that she could not have gotten that policy unless she had also bought an annuity contract does not change the character of what she got.

█ If it were to be conceded that there was a deliberate avoidance of estate taxes in this case, the fact would be immaterial. Congress permits such an avoidance by granting an exemption, up to $40,000, of life insurance payable to beneficiaries other than the decedent's executor. There is no suggestion in the statute that the exemption is to be denied if the insured's motive in buying the insurance is to reduce the gross estate he may leave at death. A taxpayer is privileged to decrease the amount of what otherwise would be his taxes by means which the law permits. See United States v. Isham, 17 Wall. 496, 506, 21 L.Ed. 728; Gregory v. Helvering, 293 U.S. 465, 469, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355; Chisholm v. Commissioner, 2 Cir., 79 F.2d 14, 101 A.L.R. 200, certiorari denied Helvering v. Chisholm, 296 U.S. 641, 56 S.Ct. 174, 80 L.Ed. 456.

Order affirmed.