## STATE *v.* HARRY C. MILLER, *Ex'r.*

*Ernest R. D'Amours,* Assistant Attorney-General (by brief and orally), for the State.

*O. W. Marvin,* for the executor, furnished no brief.

BURQUE, J. This case is considered to be a companion case to *State* v. *Haley,* decided this day, and was argued with it by the Assistant Attorney-General.

The facts are different however and compel with greater force the same finding and result reached in the above. There is no claim here of a "bargain," contract, or agreement between the parties. The State however undertakes to sustain its position of its right to assess the tax on the ground of an implied contract. Whatever merits there may be in this, as far as being a ground for the enforcement of a claim on a *quantum meruit* basis, it has no sustaining force in a tax case. The fact that Mrs. Clough, in consideration for Mrs. Davis' feelings, was willing to await the latter's death before enforcing her claim, does not change the situation. The controlling fact is that she could have

enforced it at any time during the lifetime of Mrs. Davis. The fact that she was willing to forbear collection of her just dues is of no consequence. The services rendered were of the kind that both the recipient and the party rendering them must have understood payment for same would be expected and made. The executor recognized the validity of the claim, the estate's liability therefor and his obligation to honor same, and paid it.

In addition to arguments already advanced and considered in the *Haley* case, the State undertakes to liken the proposition of law involved in cases of this kind, to that of annuity contracts, and takes the position that implied contracts are to be considered in the same light. There is no analogy between the two. The type of annuity contract referred to is an investment whereby the annuitant pays a single sum to an insurance company which in turn agrees to repay said sum to the annuitant in stipulated sums and at stipulated times, and if at his death the company has not repaid the whole amount to him then the balance is to be paid to designated persons as beneficiaries. It is considered as a transfer made during the lifetime to take effect after death, contingent on there remaining an unrepaid amount and surviving beneficiaries. *Central Hanover Bank &c. Co.* v. *Martin*, 129 N. J. Eq. 186; *Gregg* v. *Commissioner*, 315 Mass. 704; *Bayer's Estate*, 345 Pa. 308; *Day* v. *Walsh*, 132 Conn. 5. These cases cited by the State reveal nothing which lends support to its position.

For this reason and those already elucidated in the *Haley* case, we again conclude that the claim is not subject to tax, and the executor having paid same under protest, is entitled to reimbursement.

*Appeal dismissed.*

KENISON, J., did not sit: the others concurred.