BURR et al. v. COMMISSIONER OF
INTERNAL REVENUE.

No. 133, Docket 19992.

Circuit Court of Appeals, Second Circuit.

July 17, 1946.

Alexander Halpern, of New York City, for petitioners.

L. W. Post, Sp. Asst. to the Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., and Helen R. Carloss, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before SWAN, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

This is a petition by executors of a decedent's estate for review of a decision of the Tax Court, holding taxable under § 811(c) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 811(c), three life insurance policies which the decedent took out in connection with an annuity and thereafter assigned irrevocably to the beneficiaries. The only real issue concerns the effect of the assignment under the applicable statute which makes taxable transfers with reserved life interests.[1]

The decedent's purchase of the policies was in conformity with the typical annuity-life insurance pattern by which the policyholder succeeds in insuring his otherwise uninsurable life and the insurance company succeeds in avoiding incurrence of an insurance risk. On December 7, 1934, the decedent—then 75 years of age—purchased three life insurance policies with a total face value of $100,000, paying for them a total premium of $89,877.99. The insurance company required no physical examination and admittedly would not have issued the policies except for his contemporaneous purchase of an annuity. For the annuity, the decedent paid a premium of $17,622.01, and by it he was entitled to monthly payments of $203.71. The two purchases were obviously a single transaction, the annuity premium being part of the consideration for the insurance policies. Unless differentiated because of the subsequent assignment, therefore, the case is squarely within the Supreme Court's decision in Helvering v. Le Gierse, 312 U.S. 531, 61 S.Ct. 646, 85 L.Ed. 996, holding the proceeds of the policies taxable under § 811(c). See also C. I. R. v. Clise, 9 Cir., 122 F.2d 998, certiorari denied Clise v. C. I. R., 315 U.S. 821, 62 S.Ct. 914, 86 L.Ed. 1218; C. I. R. v. Keller's Estate, 3 Cir., 113 F.2d 833, affirmed Keller's Estate v. C. I. R., 312 U.S. 543, 61 S.Ct. 651, 85 L.Ed. 1032; Paul, Federal Estate and Gift Taxation, 1942, § 10.09; Note, 49 Yale L.J. 946.

On December 20, 1934, the decedent made the major assignment in question, transferring all of the policies, subject to the terms thereof, to the named beneficiaries (in each case, one of his three sons). This assignment therefore carried with it the right to

---

[1] Sec. 811(c), as amended prior to the transactions in issue, requires the inclusion in the value of a decedent's gross estate, for the computation of the estate tax, of any interest in property of which he has made a transfer "in contemplation of or intended to take effect in possession or enjoyment at or after his death" or under which he has retained for life "the possession or enjoyment of, or the right to the income from, the property."

assign the policies and, more important, to surrender them for cash. In July, 1936, by another set of assignments, found by the Tax Court to be "absolute and irrevocable," he transferred to his sons the right to receive dividends on the policies. It is petitioners' contention that these assignments created sufficient property rights in the beneficiaries to take the case outside the scope of Helvering v. Le Gierse, supra. We do not agree.

The precise question seems not to have been passed on by any court. It has, however, been decided against the taxpayer by the Board of Tax Appeals in Estate of Reynolds v. C. I. R., 1941, 45 B.T.A. 44. In that case, too, the assignment was irrevocable; and it is not to be distinguished, as petitioners claim, because it was to a trustee. The interposition of the trustee was of no significance; he had power to assign and to surrender the policy, and was required to distribute all dividends to the beneficiaries. The case was noted with approval in 42 Col.L.Rev. 162.

When the decedent in this case transferred $107,500 to the insurance company, he obtained from it two promises: one to pay him a small rate of return in the form of monthly annuity payments, the other to transfer $100,000 to the named beneficiaries on his death. His annuity payments represented a fixed percentage of the total consideration; and the company's investment risk was so calculated as never to exceed the expected income from the premiums on the insurance and the annuities. See C. I. R. v. Keller's Estate, supra, 3 Cir., 113 F.2d 833, 834, 836. "No matter who held the policy and the annuity, the two contracts, relating to the life of the one to whom they were originally issued, still counteracted each other." Helvering v. Le Gierse, supra, 312 U.S. 531, 541, 61 S.Ct. 646, 650, 85 L. Ed. 996. In assigning the policies, he was, in effect, transferring a remainder while retaining a life interest or—in the terms of the statute—retaining the enjoyment or the right to the income from the property. Estate of Reynolds v. C. I. R., supra.

Had the sons actually cashed the insurance policies, the contracts would have been separated and the insurance company would then have had to make annuity pay-

ments out of income and capital from the annuity premium. See Meisenholder, Taxation of Annuity Contracts under Estate and Inheritance Taxes, 39 Mich.L.Rev. 856, 884; 42 Col.L.Rev. 162, 165. But they chose not to surrender them; and the unexercised power to do so did not change the factual realities of the transaction. While the power was unexercised, the investment was analogous to a simple annuity with principal payable at death, a transfer which—even when irrevocable—is taxable under § 811(c). C. I. R. v. Clise, supra; C. I. R. v. Wilder's Estate, 5 Cir., 118 F.2d 281, certiorari denied Wilder's Estate v. C. I. R., 314 U.S. 634, 62 S.Ct. 67, 86 L.Ed. 509.

Since we think the insurance policies taxable on these grounds, we do not reach the Government's alternative contention that the taxpayer reserved a possibility of reverter taxable under Goldstone v. United States, 325 U.S. 687, 65 S.Ct. 1323, 89 L.Ed. 1871, 159 A.L.R. 1330.

The decision of the Tax Court is affirmed.