## CONWAY v. GLENN.

### Civ. A. No. 1917.

United States District Court
W. D. Kentucky, at Louisville.

Feb. 12, 1951.

Joe A. Wallace, Wallace & Hopson, Louisville, Ky., for plaintiff.

James P. Garland, Sp. Asst. to Atty. Gen., David C. Walls, U. S. Atty., Chas. F. Wood, Asst. U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

This case having been tried on February 6, 1951, before the Court sitting without a jury, evidence oral and documentary having been introduced and arguments of counsel having been made on both issues in this case, hereinafter more particularly described, the Court makes and enters the following findings of fact and conclusions of law.

### Findings of Fact.

1. This is an action brought by P. M. Conway as Administrator de bonis non with the will annexed of the estate of Eustace R. Conway, deceased, against Seldon R. Glenn, individually and as Collector of Internal Revenue for the District of Kentucky, for the recovery of $29,094.68 with interest, representing a portion of the federal estate taxes paid by plaintiff as administrator for the estate of said decedent. The deficiency in federal estate taxes in question was paid to the defendant as Collector of Internal Revenue, $26,032.48 on or about June 28, 1949, and $3,062.20 on or about October 10, 1949. A timely claim for refund was duly filed by the plaintiff with the Commissioner of Internal Revenue. The claim for refund was rejected and notice given to the plaintiff by registered mail on or about June 13, 1950. Suit was seasonably instituted. In the light of those facts, this Court has jurisdiction to entertain the cause.

2. Eustace R. Conway died a resident of Henderson, Kentucky, on or about April 12, 1946. He was survived by a widow, Willie S. Conway and four adult children. On or about July 12, 1947, there was filed with

the Collector of Internal Revenue on behalf of the estate, a federal estate tax return, in which was reported a federal estate tax due of $5,541.20, which amount was paid at the time of the filing of the return.

3. The deficiency in federal estate taxes, the subject matter of this litigation, resulted primarily from the determination by the Commissioner of Internal Revenue that the proceeds of the policy (the nature of which and the circumstances under which it was issued are referred to in Paragraph 4 of the finding of fact) should be included in the decedent's estate under Section 811-C of the Internal Revenue Code, 26 U.S.C.A. § 811(c).

4. On July 28, 1936, the decedent purchased from the Prudential Insurance Company of America a single premium annuity contract under the terms of which, decedent was to and did receive annually during his lifetime the sum of $2,934.75. Decedent paid the premium on the annuity contract of $33,796.33. At the same time, decedent purchased from the Prudential Insurance Company of America a life insurance policy in the face amount of $100,000.00, for which he paid a single premium of $76,204.-00. The total paid by the decedent to the insurance company was $110,000.33.

5. Decedent was in July, 1936, 63 years of age. The life policy was issued to him without a physical examination.

6. Under the terms of the annuity contract, the payments ceased upon the death of the decedent and the remaining portion, if any, of the annuity reverted to the Prudential Insurance Company.

7. The $2,934.75 which the decedent received each year from the Prudential Insurance Company from 1936 to the date of his death would have been received by decedent even though the life policy had never been issued.

8. The decedent could have taken the annuity even if he had not simultaneously or ever applied for the life policy.

9. The life policy would not have been issued unless the decedent obtained the annuity at the same time.

10. Neither the life insurance policy nor the annuity contract was cancelled or surrendered, but on the contrary, both were in existence and in full force and effect at the date of decedent's death.

11. By assignments bearing the date of July 28, 1936, duly noted on the life insurance policy, decedent assigned and relinquished to the beneficiaries, his children, all legal incidences of ownership in and to the life insurance policy.

12. The decedent filed a gift tax return on this transfer and paid the tax shown to be due thereon.

13. Subsequent to the transfer made by the decedent, the owners of the life policy on two occasions exercised part of their rights under the contract:

(a) The children and/or owners named their mother as beneficiary to receive fixed monthly payments from the proceeds of this policy on the death of the decedent.

(b) The children and/or owners later changed the beneficiary interest on the policy so that their mother was to receive only the interest income on the face amount of the policy.

### Conclusion of Law.

1. The court, on the authority of Commissioner of Internal Revenue v. Le Gierse, 312 U.S. 531, 61 S.Ct. 646, 85 L.Ed. 996, concludes that the so-called policy of insurance is property and investment rather than insurance.

The court finds that even though there was issued to the decedent two separate and distinct contracts of insurance, that the case at bar is indistinguishable on its facts from the case of Burr v. Commissioner of Internal Revenue, 2 Cir., 156 F.2d 871, certiorari denied, 329 U.S. 785, 67 S.Ct. 298, 91 L.Ed. 673, and concludes that the single premium life insurance policy issued to the decedent in conjunction with the annuity contract constituted as a matter of law a transfer by the decedent of money to the insurance company with the retention by the decedent of the income therefrom for life. Thus, the value at the date of death of the decedent, of the single premium life insurance policy is in the amount of $100,-287.67; the face amount of the policy upon decedent's death was properly included by the Commissioner of Internal Revenue in

decedent's taxable estate under the provisions of Section 811-C of Internal Revenue Code.

2. In view of the above conclusion, the Court finds it unnecessary to make findings of fact or conclusions of law concerning the contemplation of death issue. The Court bases its decision in this case solely on the retention of income issue.

3. The Commissioner of Internal Revenue properly and lawfully included in decedent's taxable estate the $100,287.67 representing the face amount of the so-called life insurance policy and Seldon R. Glenn individually and as Collector of Internal Revenue of the District of Kentucky properly and lawfully collected the federal estate taxes sought in this action to be recovered.