## CONWAY v. GLENN.

### No. 11363.

United States Court of Appeals
Sixth Circuit.

Feb. 6, 1952.

Joe A. Wallace, Louisville, Ky., Joe A. Wallace, Henry D. Hopson, Everett H. Metcalf, Jr., and Wallace & Hopson, all of Louisville, Ky., on brief, for appellant.

C. M. Featherston, Washington, D. C., Theron Lamar Caudle, Ellis N. Slack, Lee A. Jackson, and Hilbert P. Zarky, all of Washington, D. C., David C. Walls, Charles F. Wood, Louisville, Ky., on brief, for appellee.

Before SIMONS, MARTIN and McALLISTER, Circuit Judges.

MARTIN, Circuit Judge.

This is an appeal from the dismissal by the District Court of an action brought by the Administrator of the estate of Eustace R. Conway, deceased, against the Collector of Internal Revenue for the District of Kentucky to recover $29,094.68, with in-

terest. The amount sought to be recovered as a refund represents a deficiency assessment of federal estate taxes which has been paid to the Collector of Internal Revenue. Appellant, as administrator of decedent's estate, filed a timely claim for refund and took all appropriate procedural steps in bringing his action.

The facts found by the United States District Court are supported by substantial evidence, are certainly not clearly erroneous, and so are accepted as true. Indeed, there is no dispute as to any material fact; but a sharp controversy is presented as to the correct interpretation of the applicable statute.

Appellant's decedent, a resident Kentuckian who died on April 12, 1946, was survived by his widow and four adult children. On July 28, 1936, nearly ten years before his death, the decedent purchased two policies from the Prudential Insurance Company of America. One of these policies was an annuity contract by virtue of which, for a single premium of $33,796.33 which he paid, the decedent was to receive and did receive annually during the rest of his life the sum of $2,934.75. At the same time, the decedent, for a single premium payment made by him in the sum of $76,-204.00, received, without physical examination at his then age of 63 years, a policy of insurance on his life in the face amount of $100,000.00.

The proof is positive to the effect that the life insurance policy would not have been issued to decedent unless he had simultaneously paid for and obtained the annuity contract. However, he could have obtained the annuity contract, even if he had not contemporaneously applied for and received the life insurance policy; and the annual payments of $2,934.75 which he received from his annuity contract from the time of its issuance to the date of his death would have been received by him, even if the life insurance policy had never been issued. Under the provisions of the annuity contract, all payments were to cease upon the death of the decedent and the remaining portion of the annuity, if any, would revert to the insurance company.

Neither the life insurance policy nor the annuity contract was cancelled or surrendered, and both were in effect at the date of Conway's death. On the date of issuance of the policy of insurance, decedent, as noted thereon, assigned to his beneficiaries, four named sons and a daughter, all legal incidences of ownership in and to the life insurance policy. He filed a gift tax return on this transfer and paid the tax shown to be due. After this transfer was made by the decedent and during his lifetime, the owners of the life insurance policy on two occasions exercised rights under the contract: (1) they named their mother as beneficiary to receive fixed monthly payments from the proceeds of the policy on the death of their father; and later (2) they changed the beneficiary interest in the policy so that their mother would receive only the interest income on the face amount of the policy.

The District Judge asserted that, as a matter of law on the authority of Helvering v. LeGierse, 312 U.S. 531, 61 S.Ct. 646, 85 L.Ed. 996, "the so-called policy of insurance is property and investment rather than insurance." He declared further that the case is indistinguishable on its facts from Burr v. Commissioner of Internal Revenue, 2 Cir., 156 F.2d 871, certiorari denied 329 U.S. 785, 67 S.Ct. 298, 91 L.Ed. 673. The conclusion was stated that the single premium life insurance policy issued to decedent in conjunction with the annuity contract constituted, as a matter of law, a transfer by the decedent of money to the insurance company with the retention by him of the income therefrom for his life. It was further concluded by the District Court that, at the date of death of the decedent, the value of the single premium life insurance policy was $100,287.67; and that the face amount of the policy was, upon decedent's death, properly included by the Commissioner of Internal Revenue in decedent's taxable estate under the provision of section 811(c) of the Internal Revenue Code.[1]

1. "Sec. 811. Gross estate * * *
"(c) Transfers in contemplation of, or

taking effect at death. To the extent of any interest therein of which the dece-

Accordingly, the taxpayer's complaint was dismissed. It was found unnecessary to file findings of fact and conclusions of law concerning the "contemplation of death" issue, inasmuch as decision was based "solely on the retention of income issue."

In our judgment, the decision of the District Court was correct. We, too, regard Helvering v. LeGierse, supra, as controllingly in point. In that case, the so-called insurance policy would not have been issued without the annuity contract, but in all formal respects the two were treated as distinct transactions: neither referred to the other, independent applications being filed for each; neither premium was computed with reference to the other, premium payments being reported separately and entered in different accounts on the company's books; separate reserves were maintained for insurance and annuities, and each contract was in standard form, the "insurance" policy containing the usual provisions for surrender, assignment, optional modes of settlement, and so forth.

The Supreme Court was unable to find "an insurance risk" in the contracts between the decedent and the insurance company. The opinion stated, 312 U.S. 540, 541, 61 S.Ct. 650: "The two contracts must be considered together. To say they are distinct transactions is to ignore actuality, for it is conceded on all sides and was found as a fact by the Board of Tax Appeals that the 'insurance' policy would not have been issued without the annuity contract. Failure, even studious failure, in one contract to refer to the other cannot be controlling. * * * Considered together, the contracts wholly fail to spell out any element of insurance risk." The

opinion then pointed out that, while it was true that the "insurance" contract looked like an insurance policy containing all the usual provisions of one and being assignable or subject to surrender without the annuity, the fact remained that "annuity and insurance are opposites; in this combination the one neutralizes the risk customarily inherent in the other." It was said that, from the company's viewpoint, insurance looks to longevity, annuity to transiency. It was held that the amount payable to the beneficiary named in the life policy upon the death of the insured was not within the scope of section 302(g) of the Revenue Act of 1926, as amended, but was properly taxed to the decedent's estate under section 302(c) of that Act as a transfer to take effect in possession or enjoyment at or after death. See also Estate of Keller v. Commissioner of Internal Revenue, 312 U.S. 543, 61 S.Ct. 651, 85 L.Ed. 1032, a companion case to Helvering v. LeGierse, supra, decided on the same day.

Burr v. Commissioner of Internal Revenue, 2 Cir., 156 F.2d 871 applied the principle of Helvering v. LeGierse, supra, to a factual situation indistinguishable from the case at bar. There, an elderly decedent purchased, on the same date, three single premium life policies and an annuity policy. The policies were part of a single transaction and the life policies would not have been issued without the annuity policy. The decedent made an irrevocable assignment of the life policies to his sons. It was held that, in effect, decedent was merely transferring a remainder while retaining the enjoyment or the right to income from the property, with the result that the proceeds of the life policies were taxable

dent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the

persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this subchapter; * * *." 26 U.S.C.A. § 811(c).

against the estate of the decedent under section 811(c) of the Internal Revenue Code, 26 U.S.C.A. § 811(c). We are in accord with this decision.

In a somewhat analogous situation, the Court of Appeals for the Ninth Circuit decided against the taxpayer. Commissioner of Internal Revenue v. Clise, 9 Cir., 122 F.2d 998. The facts there were that an elderly lady acquired a single premium life policy for $22,000, for which she paid the insurance company some $18,000. Her grandchildren were named beneficiaries in the policy. Contemporaneously, she purchased a single premium life annuity contract entitling her to annual payments aggregating nearly $500, for which she paid approximately $5,200. No physical examination was required before issuance of the life policy; but it would not have been issued by the insurer without the issuance, also, of the annuity contract. It was held that the proceeds of the life policy upon her death were not receivable as "insurance" and were not exempt from estate taxation under section 302(c) of the Revenue Act of 1926, as amended, and subdivision (g), 26 U.S.C.A. § 811(c) and (g), and Revenue Act 1934, section 22(b) (2), 26 U.S.C.A. § 22(b) (2).

The Board of Tax Appeals, now the Tax Court of the United States, decided a case consistently with the opinion of the Court of Appeals in the Burr case and with the District Court's conclusions of law in the instant case. Estate of Reynolds v. Commissioner of Internal Revenue, 45 B.T.A. 44.

We are unable to accept as valid the argument of appellant that the opinions of the Supreme Court in Goldstone v. United States, 325 U.S. 687, 65 S.Ct. 1323, 1325, 89 L.Ed. 1871, and in Estate of Spiegel v. Commissioner of Internal Revenue, 335 U. S. 701, 69 S.Ct. 301, 93 L.Ed. 330, support his position. In the Goldstone case, the decedent had purchased from an insurance company two single premium contracts, one a life policy and the other an annuity. It was held that the proceeds of the contracts were includible in his gross estate for federal estate tax purposes, pursuant to section 302(c) of the Revenue Act of 1926, as an interest of which decedent had

made an *inter vivos* transfer "intended to take effect in possession or enjoyment at or after his death." The fact that the Supreme Court considered the essential element to be the decedent's possession of a reversionary interest at the time of his death, which postponed until then the determination of the ultimate possession or enjoyment of the property, does not gainsay the force of the doctrine of the LeGierse case, supra, which was expressly approved. Indeed, in the later case of Commissioner of Internal Revenue v. Estate of Church, 335 U.S. 632, 69 S.Ct. 322, 337, 93 L.Ed. 288, decided contemporaneously with the Estate of Spiegel case, the Supreme Court reaffirmed the doctrine of Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L. Ed. 604; discarded May v. Heiner, 281 U. S. 238, 50 S.Ct. 286, 74 L.Ed. 826, as no longer authoritative; and held that where a decedent had reserved for his life the income from property conveyed by him in trust, the transfer was one "intended to take effect in possession or enjoyment at or after his death" within the meaning of section 811(c) of the Internal Revenue Code; and that the value of the corpus of the trust was properly included in the gross estate of decedent for the purposes of federal estate tax.

For cases in which the Supreme Court has applied specific statutory provisions pertaining to retention of life interest in income from property conveyed in trust, or otherwise, and requiring the value of the property transferred to be included in the gross estate of a decedent, even where he has reserved no reversionary interest in the corpus, see Helvering v. Bullard, 303 U.S. 297, 58 S.Ct. 565, 82 L.Ed. 852; Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858.

We are not in accord with the District Court opinion cited by appellant, Bohnen (Bohnen, et al., v. Harrison) D.C.N.D. Ill., 100 F.Supp. 118, wherein the reasoning of the Court of Appeals in Burr v. Commissioner of Internal Revenue, supra, was rejected. As previously stated, we are in accord with the holding of the Court of Appeals for the Second Circuit in that case.

. The judgment of the District Court is affirmed.