**BOHNEN v. HARRISON.**

No. 10562.

United States Court of Appeals Seventh Circuit.

Oct. 29, 1952.

Duffy, Circuit Judge, dissented.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., Charles S. Lyon, Acting Asst. Atty. Gen., Hilbert P. Zarky, Sp. Asst. to Atty. Gen., John A. Looby, Jr., Asst. U. S. Atty., Ellis N. Slack, Acting Asst. Atty. Gen., and Lee A. Jackson, Washington, D. C., for appellant.

William M. Emery, George S. Stansell, James A. Dunkin, Chicago, Ill., for appellees.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

The Collector of Internal Revenue, defendant in the suit below, appeals from a judgment of the District Court granting the taxpayers' motion for judgment on the pleadings in an action to recover overpayment of estate taxes. The controlling facts, a clear analysis of the issues and an adequate exposition of the pertinent law appear in Judge Campbell's decision in In re Bohnen, D.C., 100 F.Supp. 118. However, because there are two decisions to the contrary, one of which was announced after the judgment below was entered, it may well be advisable, we think, to add our additional thought upon the questions presented.

The decedent bought two insurance contracts. One, an annuity policy, recited that, in consideration of the payment of a premium of $22,602.96, the insurance company would pay Mrs. Bohnen, until the date of her death, a fixed annuity of $1,618.03 annually. In the other, a life insurance policy, the company agreed, in consideration of the payment of a single premium of $53,717.04, to pay, upon receipt of due proof of the death of the insured, the sum of $72,000. Neither contract contains any reference to the other. The promise to pay the annuities was made in consideration of one thing only, the payment of $22,602.96, and the agreement to pay the life insurance, upon the sole consideration of the payment of the single premium of $53,717.04.

Though the Supreme Court has decided that such an arrangement is in the nature of a single investment program and, therefore, not within the definition of insurance mentioned in the former act, $40,000 of which was then allowed to be deducted from the gross estate of a decedent, it does not follow that this investment program, made up of the two contracts, was indivisible. On the one hand, it is obvious that for the consideration of some $22,000 a fixed annuity of $1600 was bought and that, on the other, in consideration of the sum of some $53,000 advanced, the company agreed to pay, at the insured's death a fixed sum of $72,000. The annuities were not based upon and in no wise dependent upon any consideration given for the life policy. The money to be paid under the life contract was in no wise based or dependent upon the sum advanced to secure the annuities. The two contracts constituted independent units, two pieces of property. Consequently, when the insured immediately transferred and assigned all of her right, title and interest of every character in and to the policy of insurance, that unit of her estate passed to the assignees, and was no longer her property. It could, therefore, under no conception, constitute a part of her taxable estate when she died thereafter.

But, says the Collector, it is undisputed that the life policy would not have issued if the decedent had not also bought the annuity policy. This fact, we think, is without legal significance, for, as we have said, the decedent purchased two pieces of property, paying for one, which she retained, $22,000. For the other, the contract to pay $72,000 upon her death, she paid $53,000. The second agreement she immediately transferred by way of gift to her three children, making a gift tax return and paying the tax due thereon. She retained no interest in the life contract; thereafter, she no longer had any dominion over it. She did nothing to bring herself within the transfers made taxable by the Internal Revenue Code, either by making a transfer in contemplation of death or by retention of any interest or possibility of reverter.

The District Court discussed the case of Burr v. Commissioner, 2 Cir., 156 F.2d 871 and we need add little to its exposition. In that case the court considered a state of facts similar to that confronting us here to be within the doctrine of Helvering v. Le Gierse, 312 U.S. 531, 61 S.Ct. 646, 85 L.Ed. 996. But the latter opinion decided only that the contracts, read together, constituted not insurance but an investment program. There, the life insurance policy had not been assigned. In the Burr case, the policy had been transferred, but the court seemed to think that that made no difference. In our opinion, in the Burr case, the court went far beyond the narrow holding of the Le Gierse case, where ownership of the life policy was retained by the decedent until the time of her death. In the Le Gierse case the court could not well have taken any position other than the one it did take, it seems to us, for the policy-holder retained the insurance policy and all interest in and control over it until his death. Only then did it become due and payable, as a part of his estate.

In the Burr case the court said that the insured in "assigning the policies, he was in effect, transferring a remainder while retaining a life interest or * * * retaining the enjoyment or the right to the income from the property." [156 F.2d 872.] This is certainly not true of the present case, for here the insured retained no interest whatever in the insurance policy or in the income therefrom.

In Conway v. Glenn, 6 Cir., 193 F.2d 965, decided subsequently to the entry of the judgment here, the court followed the reasoning of Burr v. Commissioner, supra, attributing to the Le Gierse decision controlling effect even where the policy is assigned. As we read the Le Gierse opinion, the Supreme Court said nothing in it to impel the conclusion that, after complete assignment of the life insurance policy, the decedent retained any interest therein.

That the Supreme Court did not intend to decide that a previously assigned policy could properly be included in a decedent's estate at his death is apparent from its language in Goldstone v. United States, 325 U.S. 687, at page 693, 65 S.Ct. 1323, at page 1326, 89 L.Ed. 1871, as follows: "In our view of the case we need not consider the alternative argument urged by the United States to the effect that the specific amendments to Section 302(c) are also applicable since the decedent actually received an annual return from the contracts for a period which did not in fact end before his death." In other words, the specific question involved in this case was, in the Goldstone case, left undecided.

It is contended that the annuity payments constituted income from the life policy. It would seem that to state the proposition is to demonstrate its fallacy. The annuities were bought and paid for in the annuity contract, when the insured paid in $22,-000. None of this came out of the life insurance premium. The life policy was fully paid for by the $53,000 advanced for it; no part of it contributed in any way to the annuities. If the assignees had cashed the life policy, as they had a right to do, the insured would have still been entitled to receive the annuities. The assignees were in truth, not by any fiction, the absolute owners of the life policy, whereas the decedent kept for herself the annuity contract.

The judgment is affirmed.

DUFFY, Circuit Judge (dissenting).

In 1935, when decedent was 62 years of age, she purchased a life insurance policy in the face amount of $72,000, paying a single premium of $53,717.04. A physical examination of decedent was not required. On the same date and as a part of the same transaction she purchased an annuity contract for a single premium of $22,602.96, which provided for annual payments to her until her death of $1,618.03. The insurance company required that the annuity contract be purchased as a condition of issuing the life insurance policy to her.

The majority opinion points out that the contracts were separate, and that neither contained a reference to the other, and states that they constituted two independent pieces of property. While admitting that the United States Supreme Court in Helvering v. Le Gierse, 312 U.S. 531, 61 S.Ct. 646, 85 L.Ed. 996, held that a similar transaction to that in the case at bar was a single investment program, the majority states, " * * * it does not follow that this investment program, made up of the two contracts, was indivisible." It further states that the fact that the life insurance policy would not have been issued if decedent had not bought the annuity policy is without legal significance.

In reaching its conclusion, I think the majority gives only lip service to the decision of the Supreme Court in Le Gierse. In that case the life insurance policy, in standard form, containing the usual provisions including those for assignment or surrender, was issued to a woman 80 years of age, without physical examination, for a single premium less than the face of the policy. The company also issued an annuity policy for another premium, calling for annual payments to her until her death. The Supreme Court held that although both policies were on the face separate contracts, neither referring to the other, they must be considered together; that in case of a premature death, the gain to the insurance company on one policy would neutralize its loss under the other; and that there was in fact no insurance risk. The issue in that case, as stated by the court, 312 U.S. at page 537, 61 S.Ct. at page 648, was: "The ultimate question is whether the 'insurance' proceeds may be included in decedent's gross estate," the statute at that time providing that insurance

in excess of $40,000 was to be considered as a part of such estate. And the court ruled; 312 U.S. at page 540, 61 S.Ct. at page 650: "The two contracts must be considered together. To say they are distinct transactions is to ignore actuality, for it is conceded on all sides and was found as a fact by the Board of Tax Appeals that the 'insurance' policy would not have been issued without the annuity contract. Failure, even studious failure, in one contract to refer to the other cannot be controlling."

In my opinion the majority refuses to accept the rationale on which the Supreme Court decided Helvering v. Le Gierse, supra, and the companion cases of Estate of Keller v. Commissioner, 312 U.S. 543, 61 S.Ct. 651, 85 L.Ed. 1032, and Tyler v. Helvering, 312 U.S. 657, 61 S.Ct. 729, 85 L.Ed. 1105. While, as pointed out, the ultimate issue in the Le Gierse case was different than in the case at bar, the cases are alike in that in each a life insurance policy and an annuity contract were issued to the decedent as separate contracts, and in each the life insurance policy was issued without any medical examination and would not have been issued except in conjunction with the purchase of the annuity contract. In the case at bar the effect of the combination of contracts is that decedent invested a sum of money with respect to which she reserved the right to the income for her life, and transferred to her children, as the owners of the insurance policy, the right to receive the insurance upon her death. In my opinion such a transfer is squarely within the provisions of Sec. 811 (c) (1) (B), Internal Revenue Code, 26 U.S.C.A § 811(c) (1) (B), and the insurance proceeds should be included in the taxable gross estate.

Except for the decision by the learned district judge who sat in this case, all cases on this point have been decided contrary to the holding of the majority herein. I think that the decision of the Second Circuit in Burr v. Commissioner, 156 F.2d 871, certiorari denied 329 U.S. 785, 67 S.Ct. 298, 91 L.Ed. 673, and the decision of the Board of Tax Appeals in Estate of Cora C. Reynolds v. Commissioner of Internal Revenue, 45 B.T.A. 44, were correctly decided. In addition, the attention of the Sixth Circuit was particularly directed to the decision of the trial court in this case, and such view was rejected by that court in Conway v. Glenn, 193 F.2d 965.

Feeling that the decision of the district court should be reversed, I must respectfully dissent.