**DUMMERMUTH AND HORN, d. b. a. D. & H. ELECTRIC COMPANY, Plaintiffs, v. HYKES et, Defendants.**

Common Pleas Court, Tuscarawas County.

No. 29778.    Decided July 19, 1950.

Arthur L. Limbach, New Philadelphia, Fred L. Syler, Dover, for plaintiffs.

Herschel Kriger, Canton, for defendants, Orren Hykes and A. D. Hykes.

Cletus A. Fisher, New Philadelphia, for defendant, Boulevard Building Corp.

## OPINION

By HARE, J.

This cause was submitted to the court upon the pleadings, evidence, arguments of counsel and memorandums submitted by them.

The relief sought by the plaintiffs, a partnership, is a perma-

nent injunction enjoining the defendants, A. D. Hykes and Orren Hykes, and each of them from interfering in any manner with the person or persons of the plaintiff or its employees, or from patrolling or picketing the premises of the Boulevard Building Corporation on Iron Avenue, Dover, Ohio, or displaying a banner on or near said premises as to said job being unfair to electricians or any other craft, or from acts inducing contractors or their employees from carrying on the work on the Boulevard Building Corporation's building, or from precluding this plaintiff from performing its contract with the owner, and to leave the premises and other equitable relief.

Certain affidavits were filed by the defendants, Orren Hykes and A. D. Hykes at the time said hearing on the temporary injunction was issued as prayed, and later the said defendants, Orren Hykes and A. D. Hykes filed an Answer in which they make certain denials and admissions, as fully set forth in said Answer, praying that plaintiffs' Petition be dismissed and for such further relief to which they or either of them may be entitled in the premises.

The defendant, the Boulevard Building Corporation, as intervenor, filed its Petition praying that it be protected by the equity powers of the court, and be granted such relief in the premises as would permit the construction work on the building to proceed without further delay in fulfillment of its construction contracts and for such other relief as would be just and equitable.

It was stipulated by Herschel Kriger, as attorney for the defendants, A. D. Hykes and Orren Hykes, that the Answer filed to the Petition in this case shall also be the Answer to the Intervening Defendant's Petition.

It is not necessary for the court to repeat the different allegations of the pleadings.

The Court, by temporary injunction did restrain the defendants as prayed for in plaintiffs' Petition.

The case came on for hearing upon its merits as to whether the facts and evidence entitled the plaintiffs to a permanent injunction against the defendant, A. D. Hykes as business manager of Local Union No. 540 of the International Brotherhood of Electrical Workers, located in Canton, Stark County, Ohio, and the defendant, Orren Hykes, employed by said defendant, A. D. Hykes, to patrol back and forth in front of said owners premises with a banner with writing on it, "This job unfair to electricians' L. U. 540."

The plaintiffs are a partnership, and during the trial of said cause upon its merits, filed with the Clerk of Courts of

this county, proper registration, pursuant to the statute for such case made and provided. The plaintiffs, Jacob E. Dummermuth and David A. Horn are partners doing business as the D. and H. Electric Company.

The intervening defendant, the Boulevard Building Corporation is· a corporation, being the owner of a certain tract of land in the city of Dover, Ohio directly across from the Union Hospital and upon which tract of land said owner-corporation is constructing a medical building known as "Medical Center" for the treatment of medical and surgical patients.

On April 25th, 1950 the said defendant-owner and the plaintiffs, the D. and H. Electric Company entered into and consummated a contract whereby the plaintiff-partnership was to perform certain labor of trained electricians, which employees are alleged to be under contract with plaintiff to perform said services. There are numerous contractors supposed to do certain work, who also have entered into a contract with the defendant-owner, to do plumbing, plastering, bricklaying, roofing and general construction work, and that these contractors, excepting the plaintiffs, have employed employees who are properly affiliated with union crafts of the American Federation of Labor. On or about May 4th, 1950 the defendants picketed said premises and that Robert Coleman, the alleged owner and proprietor of the United Plumbing Company of Galion, Ohio, a contractor of said owner to install the plumbing on said building, when said plumbing was being installed would not cross the picket line and perform his said services and the general construction of said bu·lding progressed as far as possible. The masonry construction continued until it was impossible to proceed without the progress of the plumbing work. About 25% of the building had been finished by the general contractor and 5% to 10% of the electrical work was completed and about 5% of the plumbing at the time of the start of the picketing on or about May 4th, 1950.

It is conceded that there is no strike and that there is no violence at or near such construction work. Further, there is no labor dispute between the plaintiffs and said partnership's employees, but the labor dispute exists between A. D. Hykes, as business manager and representative of the International Brotherhood of Electrical Workers, Local Union No. 540 of Stark County, Ohio, and Orren Hykes, a member of said Local Union No. 540, and the one who was picketing said premises. with said plaintiffs' employees who are performing said electrical work upon said premises. This dispute, arising

## 484

due to the fact that the said plaintiff-contractor and said plaintiffs' employees are non-union and not affiliated with the American Federation of Labor and being the only craft upon said construction work not so affiliated; that said employees have formed a local organization known as The Tuscarawas County Brotherhood of Electrical Workers, and which organization has not completed any steps to become affiliated with the American Federation of Labor and thereby causing disruption of work among other crafts upon said job and being unfair to electricians' Local Union No. 540.

It is significant, as shown by defendants', A. D. Hykes and Orren Hykes, exhibit No. 9, which is the minute book of "Tuscarawas Co. Local Electrical Union," that said organization was formed on May 18, 1950, which, of course, was after the starting of the picketing by said defendants, which picketing was commenced on or about May 4th, 1950.

The evidence shows that there are electricians within Tuscarawas County, Ohio and within the jurisdiction of Local Union No. 540, who are members of Local Union No. 540 and an ample number of whom are available for work upon said job.

Further, by the testimony of Steven Cush, a resident of the city of Uhrichsville, Tuscarawas County, Ohio, a member of Local Union No. 540, that he is employed as an electrician on the new addition to Union Hospital across the street from the Medical Center and receives $2.25 per hour for his work.

The evidence further shows by the testimony of Mr. Horn, plaintiff-employer, that he is paying his journeyman electrician employee on the Medical Center $1.40 per hour and his apprentice employee is getting about 75c per hour.

The evidence shows that said employees of the plaintiffs have been approached in a friendly and peaceable manner, without any coercion, to become affiliated with Local Union No. 540; and the said plaintiffs have also been approached to employ members affiliated with American Federation of Labor Union No. 540, and refusals have resulted and thereby causing said labor dispute.

The evidence further shows that said non-union electrical employees of the plaintiffs have only filed an application with William Green during the process of this trial by letter to become affiliated with the American Federation of Labor as a Tuscarawas County craft, but no steps have been taken to complete said affiliation and it is highly improbable that further steps will ever be taken to complete said affiliation as a separate Tuscarawas County labor organization and further, it is not probable if such steps were taken in the future

that such non-union organization will ever be admitted as a craft within the American Federation of Labor.

The evidence in this case shows that there was one picket on the job, namely, the defendant, Orren Hykes, and the said picketing was performed in a very quiet, orderly and lawful fashion, without any coercion or interference in any manner with any persons or crafts upon said construction job. The defendant, Orren Hykes, carried a banner with the words thereon, "This job unfair to electricians' L. U. 540."

It is contended by the plaintiffs and the defendant-owner that the picketing will induce a breach of contracts of employment.

## THE LAW

In the case of **LaFrance Electrical Construction and Supply Co. v. Electrical Workers Local Union etc. (108 Oh St 61)** the company claimed that the union had entered into a conspiracy to ruin its business and compel the plaintiff to operate its business as a closed union shop. In that case the court permitted peaceful picketing. This would indicate that the closed shop demand is not an illegal purpose in this State.

As stated in the case of **Iacomini's Restaurant, Inc. v. Hotel and Restaurant Employees and Bartenders Local No. 118, et al. (38 O. O. 552, 54 Abs 33,)** decided August 24, 1948, that the **108 Oh St** page 61 is a very thorough opinion and that there are many enlightening discussions all through that opinion. In said case, citing also **22 Oh Ap 265, Clark's Lunch Co. v. Union Waiters.**

The **LaFrance case, 108 Oh St** affirms the right of peaceful picketing even though the fact may be to induce breach of contracts of employment.

The **22 Oh Ap 265** case, just cited, affirms the right of peaceful picketing, immateriality of non-existence of employee relationship, immateriality of fact that employer's business and contractual relationships may be adversely affected.

The Court cites also to the same effect, the case of McCormick & Fisher v. Union, 13 C. C. N. S. 545; also **Lubbers v. Hurst, 36 O. O. 495,** covering all the foregoing issues, including definite statement that rule of **Crosby v. Roth (136 Oh St 352)** is no longer the law; also Iacomini's Restaurant case holds the same.

The Court cites the case of **Foutts v. Journeymen Barbers Local No. 105, etc.** Common Pleas Court, Summit County, decided October 11, 1949, 55 Abs 537, which is to the effect and holds:

"A labor union has the right to picket peacefully the place

of business of an employer providing there exists a lawful' labor dispute between the union and the employer and providing the union does so in a manner which honestly and truthfully has for its purpose the informing of the public as to the dispute."

The conclusion of the court in this case, in part, is as follows:

"It is the duty of the court in the instant case to interpret the law of this state and the law of the United States as it now is as evidenced by the Swing case supra (312 U. S. 321) and by the Cafeteria Union v. Angelos case supra (320 U. S. 293)."

The court stated that under the freedom of speech doctrine, it may peaceably picket or by advertisement, etc. acquaint the public fully with the true dispute as it exists and likewise plaintiff would also enjoy the freedom of speech and the press to put forth their side of the argument.

The Court also stated in its conclusion.

"If we once destroy this mutual right of all to exercise this freedom of speech, we will destroy one of the greatest rights our people enjoy under our democratic form of government."

Now, discussing again, the Lubbers v. Hurst case, decided December 23, 1946, there was a temporary injunction granted in said case, which permitted the defendants to maintain one representative, who was to remain moving, for the purpose of informing the public orally or by a sign that plaintiff does not employ all union help. This temporary injunction issued in that case provided further that the picketing was to be conducted in a quiet, orderly and lawful manner and so as not to interfere in any manner with persons desiring to enter or leave plaintiff's place of business for any purpose whatever. In this case, the presence of the picket had curtailed the delivery to the plaintiff of certain merchandise sold by him therein. In this case there were two other local unions in which attention was directed at the picket line informing their members of the fact that they are not permitted to patronize any firm that has been declared unfair and we do not patronize. In this case there was a claim of boycott in that there existed an old legitimate trade dispute between their employees.

The case of Anderson Sons Company v. Local Union No. 311 (Franklin County Court of Appeals) is a case which covers all the issues in point with the case at bar. In this case, which was decided May 1st, 1950, it was held as follows:

"Picketing-Employer-Employee Relationship Not a Prerequisite to Right to Picket.—

"The absence of an employer-employee relationship between the persons picketing and the party picketed does not constitute a basis for the granting of injunctive restraint against peaceful picketing. The constitutional guarantee of free speech protects peaceful picketing in a dispute between an employer and a union even though the employer's employees are not in controversy with him."

"Secondary Boycott—Picketing in Locality of Dispute—Incidental Effect on Third Party.—A union has the right to picket an employer in order to call attention to his use of non-union employees; picketing for that purpose may be done at the site of the project where the non-union employees are at work and is not enjoinable merely because it has the incidental effect of putting pressure on a third party not involved in the dispute.

"A union picketing a subcontractor at the site of a construction job in order to call attention to his use of non-union employees on the job is not subject to injunctive restraint merely because the picketing has the incidental effect of inducing the employees of another subcontractor on the same job to refuse to work."

In the case of **Iron Moulders Union v. Greenwald,** 4 N. P. N. S. 161, affirmed in **77 Oh St 618,** to the effect that intention to injure employer's business is immaterial.

In the case of Belleview Brewing Co. v. Union, 12 N. P. N. S. 257, to the effect that statement that employer is "unfair" does not constitute threat or coercion.

On the fact that the use of the term "unfair" is proper and noncoercive, may be cited the case of **S. A. Clark Lunch Co. v. Union, 22 Oh Ap 265,** and Angelos v. Mesevich, 320 U. S. 293, also 301 U. S. 468 and 312 U. S. 219.

On the general status of peaceful picketing as related to the constitutional guarantee of free speech may be cited the following:

Senn v. Tile Layers Protective Union, 301 U. S. 468, 1 Labor Cases 17023;

Thornhill v. Alabama, 310 U. S. 88, 2 Labor Cases 17059; Milk Wagon Drivers Union v. Meadowmoor Dairies, 312 U. S. 287, 3 Labor Cases 51111; Carlson v. California, 310 U. S. 106,

1 Labor Case 17060; Baker and Pastry Drivers v. Wohl, 315 U. S. 769, 5 Labor Cases 51136; A. F. of L. v. Swing, 312 U. S. 321, 3 Labor Cases 51112; Angelos v. Mesevich, 320 U. S. 293, 7 Labor Cases 51167; State of Washington ex rel. v. Superior Court, 164 P. 2nd 662; Milk Wagon Drivers Union v. Lake Valley Farm Products, 311 U. S. 91, 3 Labor Cases 51104; U. S. v. Hutchson, 312 U. S. 219, 3 Labor Cases 51110; In re Blaney, 184 P. 2nd 892, 13 Labor Cases 64039 (Calif Sup. Court).

On immateriality of employer-employee relationship may be cited 312 U. S. 543, the Swing case; also Baker and Pastry Drivers Local v. Wohl, 315 U. S. 769, and Angelos v. Mesevich, 320 U. S. 293.

The plaintiffs cite three Supreme Court decisions, which Attorney Limbach claims completely overrules A. F. of L. v. Swing, and other cases cited. Such is not the opinion of this Court. These cases cited can be distinguished as follows:

Hughes v. Superior Court, merely holds that a state can prohibit picketing where the purpose is to enforce racial discrimination in favor of negroes to the same extent that picketing would be permissible to advertise discrimination against negroes. In that case the court specifically stated:

"The California Supreme Court suggested a distinction between picketing to promote discrimination, as here, and picketing againt discrimination: 'It may be assumed for the purposes of this decision, without deciding, that if such discrimination exists, picketing to protest it would not be for an unlawful objective.' "

With this conclusion the court agrees. It is not inconsistent with A. F. of L. v. Swing and other cases.

Another case cited by Mr. Limbach is the case known as International Brotherhood v. Hanke, which merely holds that because the public policy of the state of Washington is to frown on insistence on self-employed persons to join a union, picketing for such purposes is improper. That situation is not before us in this case. However, the court did hold that even the public policy of Washington is subject to constitutional limitations, the court saying:

"A state's judgment on striking such a balance is of course subject to the limitations of the Fourteenth Amendment."

With this conclusion the Court agrees. It is not inconsistent with the Court's position.

The other case cited by Mr. Limbach is Building Service

Employees v. Gazzam and which merely holds that efforts to coerce an employer to violate the Washington labor relations law are unlawful, also a situation not involved in our case. In fact the court noted:

"The Washington statute has not been construed by the Washington courts in this case to prohibit picketing of workers by other workers."

This case likewise is not inconsistent with the Court's position.

## CONCLUSION

The plaintiffs in this case obtained a temporary restraining order, enjoining all picketing pending final hearing on the merits of this case. There is no strike, no violence, no coercion and in fact no boycotting and there is no labor dispute or disagreement in this case between the plaintiffs-employers and plaintiffs' employees. However, there is a dispute between the defendant, A. D. Hykes as representative and business manager of the International Brotherhood of Electrical Workers, Local Union No. 540 of Stark County, Ohio, affiliated with the American Federation of Labor, with the plaintiffs-employers and the plaintiffs' employees for the reason that said employees have merely formed a non-union unaffiliated organization, known as The Tuscarawas County Brotherhood of Electrical Workers.

This court holds that a labor dispute may exist in the absence of a disagreement between an employer and his employees, and picketing to publicize that controversy is entitled to free speech, as long as there is no evidence of violence, but even in that case if there were, certain limitations may be imposed upon future picketing, and in support of this opinion, the court cites Jones Inc. v. Internationl Association of Machinists, 490 L. A. page 97. The state cannot exclude workingmen from peacefully exercising their right of free communication by drawing the circle of economic competition between employers and workers so small as to contain only an employer and those directly employed by him citing American Federation of Labor v. Swing. By this doctrine the right of free speech guaranteed by the Fourteenth Amendment rendered a state court powerless, notwithstanding the absence of a labor dispute, to enjoin peaceful picketing, citing Bakery Drivers v. Wohl, 315 U. S. 769. However, this right is not an absolute grant of free speech and is subject to reasonable limitation. For example, peaceful picketing may be enjoined if carried on for an unlawful objective, or if it lacks some

rational connection with the dispute; Carpenters and Joiners Union v. Ritter's Cafe, 315 U. S. 722 (1942); Allen-Bradley Local v. Wisconsin Employment Relations Board, 315 U. S. 740 (1942).

The confused thinking of the Ohio courts may be traced directly to the Crosby v. Rath case where the Supreme Court sustained an injunction and held that a trade dispute does not exist when members of the picketing union are neither employees nor former employees.

The court recognizes the rule to be that Local Union No. 540 has the right of free speech and the right to picket, even in the absence of a labor dispute. However, the court has reached the conclusion that there is a labor dispute here as indicated. The court thinks it proper and so orders that a limitation on future peaceful picketing should be entered in this case, in order that all parties may be protected without destroying the right to picket peacefully.

The court has reached the conclusion that the picketing in the instant case has a lawful objective and has a rational connection with the dispute existing between Local Union No. 540 and plaintiffs and their employees.

Wherefore, the Court holds that the plaintiffs are not entitled to an injunction against these defendants, Orren Hykes and A. D. Hykes, notwithstanding that there may be some economic injury to the defendant-owner, the Boulevard Building Corporation, which, as the cases cited hold, is immaterial, as regrettable as it may be, and that Local Union No. 540 is entitled to picket the premises of the owner for the lawful purpose of calling attention to said labor dispute and to inform the other crafts on said premises, who are members of the American Federation of Labor, and to inform the world of the position of Local Union No. 540.

Therefore, the court orders, adjudges and decrees that the temporary injunction heretofore issued, be and hereby is vacated and dissolved, with the understanding that if said Local Union No. 540 desires to picket, that said picketing be limited to one picket who shall keep moving and only for the purpose of informing the public orally or by a sign that said plaintiffs are unfair to Local Union No. 540.

It is ordered that the plaintiffs pay the costs of this action, taxed herein at $————.

A journal entry shall be drafted in accordance herewith.